Thomas R. Wimbish, a minor, by Verdell D. Wimbish-Haley, his parent and natural guardian, and Verdell D. Wimbish-Haley, Parent, Appellants *v.* The School District of Penn Hills, Appellee.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Eugene A. Lincoln,* for appellants.

*James A. Beinkemper, Wayman, Irvin & McAuley,* for appellee.

OPINION BY JUDGE CRAIG, June 10, 1981:

Appellant Thomas R. Wimbish filed a complaint in trespass in the Court of Common Pleas of Allegheny County against Penn Hills School District, alleging that he was seriously injured while engaged in a

school activity on the district's premises as a direct result of the negligence of the district and its employees. Appellant's negligence claim consists of averments that the district failed to employ trained personnel and to supervise its employees properly, that the district failed to promulgate and enforce staff rules for procedures to be taken when students are injured, and that the district and its employees failed to provide appellant with prompt medical attention when he was injured.[1]

In its answer, the district denied the appellant's averments and raised as new matter the affirmative defense of immunity under the Political Subdivision Tort Claims Act.[2]

Appellant's reply to the new matter was that it was a legal conclusion to which no responsive pleading is required.

The district then filed a motion for judgment on the pleadings, based on its contention that appellant's claim was barred by the act. The court granted the motion and entered judgment for the district.

Appellant, claiming that the court abused its discretion, seeks reversal of that order and a trial on the merits of his claim.

A motion for judgment on the pleadings is essentially in the nature of a demurrer, and the well-

---

[1] The trespass action also included a claim by appellant's mother for medical expenses and loss of appellant's earnings and services.

[2] The Political Subdivision Tort Claims Act has since been repealed and replaced by Sections 8541-64 of the Judicial Code, 42 Pa. C.S.A. §§8541-64 [added by Act No. 1980-142] formerly the Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101 repealed by Section 333 of the Act of October 5, 1980, P.L. 693.

· Because the incident which gave rise to this action occurred before the effective date of the repealer, the terms of the Political Subdivision Tort Claims Act control the disposition of this case.

pleaded averments of the non-moving party are deemed admitted by the moving party, even though earlier denied. *Matthew-Landis Co., Inc. v. Housing Authority of the County of Chester,* 240 Pa. Superior Ct. 541, 361 A.2d 742 (1976). Under Pa. R.C.P. No. 1034, the court may grant the motion only in cases where there are no issues of fact, and where a controlling question of law is "ripe for decision." *See* Goodrich-Amram 2d §1034(a)1.

Taking the pleaded facts as true, the pivotal question is whether, as a matter of law, appellant's claim is barred by Section 201 of the Tort Claims Act, 53 P.S. §5311.201:

> Except as otherwise provided in this act, no political subdivision shall be liable for any damages on account of any injury to a person or property caused by any act or omission of the political subdivision or an employee thereof or any other person.

Appellant's allegations of district personnel negligence do not fall within the eight enumerated exceptions to that general rule, found in Section 202, 53 P.S. §5311.202.

The only exception even arguably encompassing appellant's allegations is found in Section 202(b)(3), 53 P.S. §5311.202(b)(3), which states:

> (b) Actions or activities which may impose liability.—The following acts or activities by a political subdivision or any of its employees may result in the imposition of liability on a political subdivision:
>
> . . . .
>
> (3) The care, custody or control of real property in the possession of the political subdivision, except that the political subdivision shall not be liable for damages on account of

any injury sustained by a person intentionally trespassing on real property in the possession of the political subdivision. As used in this paragraph, 'real property' shall not include trees, streets, sidewalks, traffic signs, lights and other traffic controls, street lights and street lighting systems and facilities of steam, sewer, water, gas and electric systems owned by the political subdivision and located within rights of way.

Appellant's claim, that the district and its employees were negligent with respect to a school activity and in failing to provide him with prompt medical attention following his injury on the district's grounds, is clearly outside the limited waiver for actions relating to the care and control of real property.[3] Thus, the legislative grant of immunity bars appellant's claim.

Appellant cites *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968), in support of his argument that an affirmative defense should not be upheld by granting a motion for judgment on the pleadings. However, *Goldman* is distinguishable on two bases.

---

[3] Nor may appellant find relief in the other seven exceptions to the immunity bar. The first exception relates to the operation of any motor vehicle in the possession or control of a political subdivision; the second covers the care, custody or control of personal property of another in the possession or control of a political subdivision; the fourth waives immunity for a dangerous condition of traffic lights, lights or other traffic controls, street lights or lighting systems, or trees under the care, custody or control of the political subdivision; the fifth encompasses a dangerous condition of steam, water, sewer, gas and electric systems owned by the political subdivision; the sixth exception covers a dangerous condition of subdivision-owned streets; the seventh relates to dangerous sidewalks owned by the political subdivision; and the eighth embraces the care, custody or control of animals in the possession or control of a political subdivision.

The rule in *Goldman,* that a complaint may state a claim upon which relief may be granted even though an affirmative defense exists, is premised upon the court's explicit statement that the plaintiff must deny the defendant's allegation which raises the defense. 432 Pa. at 73, 247 A.2d at 461.[4] As the plaintiff below, appellant did not deny the district's immunity allegation, but stated: "[t]he averment contained in paragraph 2 of [the district's] Answer and New Matter is a legal conclusion to which no responsive pleading is required."

The affirmative defense raised by the defendants in *Goldman, supra,* was the statute of frauds. Recognizing that the case presented a factual question for resolution, the court denied the motion for judgment on the pleadings, stating:

> Appellees have raised the statute of frauds in their new matter and appellants have denied its applicability. Issue has thus been joined; its resolution cannot be based on pleadings alone.

432 Pa. at 73, 247 A.2d at 461.

Therefore, *Goldman* is inapposite.

Appellant next contends that the court should have given him the opportunity to amend his complaint before entering judgment on the pleadings. Although appellant did not seek leave to amend under Pa. R.C.P. No. 1033, appellant contends that his complaint was curable by amendment notwithstanding the immunity defense, and that the court deprived him

---

[4] The court stated:

Thus a defendant may not rely on his affirmative defense to sustain a motion for judgment on the pleadings, unless of course plaintiff has failed to deny the allegation in defendant's new matter which raises the defense.

. . .

of an opportunity to proceed to the merits of the case by sustaining the motion without leave to amend.

We agree that the right to amend should not be withheld where there is a reasonable possibility that amendment can be accomplished successfully. *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966). However, the court has discretion in granting leave to amend, and the liberal practice favoring amendment of pleadings to allow full development of a party's theories and averments "does not encompass a duty in the courts to allow successive amendments when the initial pleading indicates that the claim asserted cannot be established." *Behrend v. Yellow Cab Co.,* 441 Pa. 105, 271 A.2d 241 (1970).

The court's omission to grant appellant leave to amend, based as it was on an objective assessment of the likelihood of his success on an amended complaint, was without error.

The averments in appellant's complaint clearly indicate that the gravamen of his action was the alleged negligence of district employees with respect to an *activity* on district premises—a football game in which appellant participated. There is no indication whatever that the district was negligent in the care, custody or control of the property, and we cannot interpret the language of Section 202(b)(3), 53 P.S. §5311.202(b)(3), to waive immunity as to any unfortunate incident solely because it occurs upon the premises of the political subdivision.

Accordingly, we affirm.

## ORDER

AND Now, June 10, 1981, the order of the Court of Common Pleas of Allegheny County, No. G.D. 79-29105, dated April 10, 1980, is affirmed.