## Munoz v. School District of Philadelphia

*Louis E. Slawe,* for plaintiff.

*Andrew M. Rosen,* for defendant School District of Philadelphia.

GAFNI, *J.,* November 26, 1982—Before the court is the motion of defendant, Philadelphia Housing Authority, to join as additional defendant the School District of Philadelphia in a trespass action commenced by plaintiffs. Plaintiffs contend in their complaint, that the School District failed to adequately supervise plaintiff while plaintiff was attending school on School District premises and that, as a result, plaintiff entered property of the Housing Authority and was injured. The School District opposes the instant motion on the ground that the School District is immune from all liability in the matter as a consequence of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §8541 et seq.

42 Pa.C.S.A. §8541 provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."* This statute was considered in two analogous recent cases. In Wimbish v. School District of Penn Hills, 50 Pa. Commonwealth Ct. 620, 430 A. 2d 710 (1981), plaintiff sought damages for the

---

*This Political Subdivision Tort Claims Act has been found "A valid exercise of legislative authority specifically granted by our Constitution." Carroll v. The County of York, 496 Pa. 363, 437 A. 2d 394, 398 (Pa. 1981).

injuries he suffered while engaged in a school activity on defendant school district's premises. Plaintiff averred that said injuries were the direct result of defendant's negligent failure to supervise and train its employees. The Commonwealth Court, given plaintiff's allegations, considered the only arguably relevant exception, (b)(3):

(b) Actions or activities which may impose liability. —The following acts or activities by a political subdivision or any of its employees may result in the imposition of liability on a political subdivision:

• • •

(3) The care, custody or control of real property in the possession of the political subdivision, except that the political subdivision shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the political subdivision. As used in this paragraph, 'real property' shall not include trees, streets, sidewalks, traffic signs, lights and other traffic controls, street lights and street lighting systems and facilities of steam, sewer, water, gas and electric systems owned by the political subdivision and located within rights of way.

The court concluded that plaintiff's claim was "clearly outside the limited waiver for actions relating to the care and control of real property." Wimbish v. School District of Penn Hills, supra, 430 A. 2d at 712.

In Robson v. Penn Hills School District, 63 Pa. Commonwealth Ct. 250, 437 A. 2d 1273 (1981), plaintiff alleged that he was injured when he was struck in his eye by a pencil thrown by a sixth-grade classmate in an unsupervised classroom. The court held that "it would be a total distortion of the language of Section 202(b)(3) to allow the supervision,

or lack of supervision, of school children to fall within the scope of care, custody and control of real property." Robson v. Penn Hills School District, supra, 437 A. 2d at 1275.

These cases stand for the proposition that when plaintiff's claim relates to inadequate supervision or security, the claim is precluded by the Political Subdivision Tort Claims Act. See, also, Close v. Vorhees,_____ Pa. Commonwealth Ct._____ 446 A. 2d 728 (1982). Accordingly, insofar as the instant motion implicates the School District in plaintiffs' trespass action, it too is precluded.

For the foregoing reasons, the court shall sustain the city's objections.

## ORDER

And now, November 26, 1982, it is hereby ordered and decreed that the motion of defendant, Philadelphia Housing Authority for leave to join School District of Philadelphia as additional defendant in this matter is denied.