Javelle Vann, a minor, and Sevenia Vann, her Mother and Natural Guardian, Appellants *v.* Board of Education of the School District of Philadelphia, Appellee.

Argued June 8, 1983, before Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Patricia Pierce*, with her *William L. Bowe, Rudley, Bowe & Crummett, P.C.,* for appellants.

*Andrew M. Rosen*, Assistant Counsel, with him *Eugene F. Brazil*, General Counsel, for appellee.

OPINION BY JUDGE DOYLE, August 30, 1983:

Javelle Vann, a minor, and Sevenia Vann, her mother and natural guardian, here appeal an order of

the Court of Common Pleas of Philadelphia County which sustained preliminary objections to a complaint against the Board of Education of the School District of Philadelphia (School District) and dismissed the complaint. We affirm.

On February 21, 1981, at approximately 11:00 p.m., Javelle Vann was walking on the sidewalk adjacent to the Anderson School at 61st Street and Cobbs Creek Parkway. She was assaulted and forceably taken through an unsecured gate in the fence around the school to an unlighted area of the school grounds where she was beaten. A complaint in trespass was filed against the School District alleging negligence in failing to secure the school property and in failing to maintain adequate lighting, thereby permitting the property to be used for criminal activity directed at passersby. The School District filed preliminary objections to the complaint claiming immunity under Section 8541 of the Judicial Code, 42 Pa. C. S. §8541.[1] The court of common pleas found that the circumstances of this case did not fall within the exceptions to immunity in Section 8542 of the Judicial Code, 42 Pa. C. S. §8542, and dismissed the complaint. This appeal followed.

Section 8541 of the Judicial Code provides:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local

---

[1] In *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973) the Supreme Court abrogated the judicially fashioned doctrine of governmental immunity. Soon thereafter the legislature enacted the Political Subdivisions Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended*, 53 P.S. §5311.101 through §5311.803, *repealed* by the Act of October 5, 1980, P.L. 693. The subject matter is now covered by Sections 8541-64 of the Judicial Code, 42 Pa. C. S. §§8541-64.

agency or an employee thereof or any other person.

Section 8542 of the Judicial Code provides, in pertinent part:

> (b) Acts which may impose liability. — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> ....
>
> (3) *real property*. — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

Appellants urge that immunity is waived because the injuries to Javelle Vann were caused by the School District's negligence in the maintenance and control of the school property. We are directed to a number of cases somewhat analogous to the one at bar but all of which are distinguishable.[2] In *Stevens v. City of Pittsburgh*, 129 Pa. Superior Ct. 5, 194 A. 563 (1937), the plaintiff was accidentally shot and killed while standing on his lawn adjacent to a city park. The Superior Court held that since the city operated a rifle range in the park and had notice of unauthorized shootings in the park it owed the public a duty to control those bringing firearms into the park. Similarly, in

---

[2] Appellants urge that cases establishing exceptions to governmental immunity which predate the statutory provisions controlling here are persuasive authority because the intent and effect of the statutory language is to restore the law of governmental immunity established in case law prior to *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973). *See* footnote 1, *supra*. We agree but note that the effect of the legislative action was to *codify* the law in this area, not simply to restore it.

*Honaman v. Philadelphia*, 322 Pa. 535, 185 A. 750 (1936), the plaintiff was struck and injured by a baseball on a street adjacent to Fairmount Park in Philadelphia and the City was held to be liable for failure to provide screening or back stops for an activity which the city knew took place with regularity. Unlike *Stevens* and *Honaman*, the case *sub judice* involves no failure to properly control activity permitted on the publicly owned property. Liability was also found by the Philadelphia Court of Common Pleas in two cases involving criminal attacks on patrons of the City's public transportation system.[3] That liability, however, was predicated on the duty of the Transportation Authority to protect its business invitees from foreseeable criminal activity, not merely on the fact that the attacks occurred on publicly owned land.

We have held that Section 8542(b)(3) does not waive immunity as to any unfortunate incident solely because it occurs on government-owned premises. *Wimbish v. School District of Penn Hills*, 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981).[4] We believe the Section must be read as a narrow exception to a general legislative grant of immunity and we construe it to impose liability only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen

---

[3] *Fedulla v. Southeastern Pennsylvania Transportation Authority*, 3 Phila. 227 (1979); *Hamm v. Southeastern Pennsylvania Transportation Authority*, (No. 950 June Term, 1979, filed February 5, 1982).

[4] *Wimbish* involved interpretation of the provisions of the Political Subdivisions Tort Claims Act, not Section 8542(b)(3) of the Judicial Code. *See* footnote 1, *supra*. The provisions are, however, substantially indistinguishable.

to be used.[5] Violent criminal acts such as occurred here are not a reasonably foreseeable use of school property such that the exception will be applied.

ORDER

Now, August 30, 1983, the order of the Court of Common Pleas of Philadelphia County in the above referenced matter, dated August 4, 1982, is hereby affirmed.

---

[5] We point out in addition that while it is the clear intent of Section 8542 of the Judicial Code to waive governmental immunity and impose liability for negligence in the control and maintenance of public property, we do not read the statute to impose a standard of liability in cases involving this exception to immunity greater than that to which private landowners are held. While a school district may be held liable for negligence in maintenance and control of property when injury results to a public invitee, *see Bersani v. School District of Philadelphia*, Pa. Superior Ct. , 456 A.2d 151 (1983), the School District here owed no duty to Javelle Vann or to the public at large to prevent the use of its property for criminal attacks such as occurred in this case. Surely, had the attack on Javelle Vann occurred on private property, the private landowner would not be held liable for failure to secure his property from such use, or for failure to illuminate the unlighted areas on his property. The School District as landowner, therefore, cannot be held liable here.