## Dreher v. Big Beaver Falls Area School District

*Eugene J. Reinbold,* for plaintiffs.
*Mark F. McKenna,* for defendant.

KUNSELMAN, *J.,* January 4, 1985—This action is to recover damages for injuries sustained by plaintiff Tyra L. Dreher on March 24, 1980 in a gym class at defendant's high school. The injuries occurred while plaintiff was engaged in tumbling exercises on a trampoline with another student pursuant to instructions from the gym teacher. The injuries occurred when plaintiff and the other student collided in mid-air, after which plaintiff fell

onto the surface of the trampoline and the other student fell on top of her.

Plaintiffs allege that the accident and resulting injuries were caused by the negligence of defendant in: permitting more than one person on the trampoline at the same time; failing to adequately instruct students as to the use of the trampoline; failing to adequately supervise; leaving the students unattended; failing to follow safety procedures; failing to properly maintain the premises; failing to act with due regard to the rights and safety of plaintiff; and, failing to otherwise exercise care under the circumstances.

Defendant's answer and new matter denied the allegations in plaintiffs' complaint and raised the defense of immunity. Plaintiffs' reply to new matter alleged that the circumstances surrounding the accident and plaintiff's injury give rise to a cause of action under the immunity statute and averred that, if plaintiff is precluded from recovery under the statute, the statute is unconstitutional as to plaintiff and other plaintiffs similarly situated.

Defendant then filed a motion for judgment on the pleadings which is now before the court for disposition. Such a motion is essentially in the nature of a demurrer. Therefore, the well-pleaded averments of plaintiffs are deemed admitted. The motion can be granted only if there are no issues of fact and a controlling question of law is ready for decision. See Wimbish v. School District of Penn Hills, 59 Pa. Commw. 620, 430 A.2d 710 (1981).

The immunity act which was in effect at the time of plaintiff's injuries was the Political Subdivision Tort Claims Act.* Section 201 of that act provided that:

---

* This act, formerly 53 P.S. §5311.201 et seq., was repealed. A similar provision is now found in 42 Pa.C.S. §8541 et seq.

"Except as otherwise provided in this act, no political subdivision shall be liable for any damages on account of any injury to a person or property caused by any act or omission of the political subdivision or an employee thereof or any other person."

There were eight exceptions to the general immunity rule which were enumerated in section 202. The only exception which could arguably apply to this case was set forth in section 202(b)(3), which provided:

"(b) Actions or activities which may impose liability. — The following acts or activities by a political subdivision or any of its employees may result in the imposition of liability on a political subdivision: . . .

(3) The care, custody or control of real property in the possession of the political subdivision, . . . ."

Defendant contends that the trampoline is not real property and that the allegations of lack of supervision do not fall within the ambit of "care, custody or control of real property." Plaintiff argues that the trampoline is itself an integral part of defendant's gymnasium and, although not physically attached to the real estate, was a necessary adjunct to the gymnasium portion of the real estate. She argues, therefore, that she should have the opportunity to have a jury pass upon the question of whether it was real property in defendant's care, custody and control. She contends that "the phrase 'care, custody and control of real property' should mean care, custody and control of the premises and those facilities necessarily related thereto, to wit, the gymnasium and its related equipment."

In support of such a liberal construction, she cites Vann v. Board of Education of the School District of Philadelphia, 76 Pa. Commw. 604, 464 A.2d 684 (1983). That case involved a minor who was walking on the sidewalk adjacent to one of defendant's

schools. She was assaulted and forceably taken through an unsecured gate in the fence around the school to an unlighted area of the school grounds where she was beaten. Plaintiff urged that immunity was waived because her injuries were caused by the school district's negligence in the maintenance and control of school property. In affirming the dismissal of plaintiff's complaint, the Commonwealth Court said, at 76 Pa. Commw. 607 and 608, "We have held that 42 Pa.C.S. §8442(b)(3) does not waive immunity as to any unfortunate incident solely because it occurs on government-owned premises. We believe the section must be read as a narrow exception to a general legislative grant of immunity and *we construe it to impose liability only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably forseen to be used.*" (Citation omitted, emphasis supplied.)

Plaintiff points to the underlined portion of the Vann opinion as signaling a liberal interpretation of the immunity statute by the Commonwealth Court. She argues that since the trampoline was an activity for which government-owned property was regularly used, for which it was intended to be used and for which it was reasonably foreseen to be used, the exception to immunity applies.

We are not persuaded by this argument. In order for the exception to apply, we must conclude that the trampoline was real estate. In order for us to reach that conclusion, we must find that it was so annexed to the land that it could not be removed without material injury to the land or itself, or that it was physically connected to the land with the intention that it become part of the land. See Clayton v. Lienhard, 312 Pa. 433, 167 Atl. 321 (1933). Since

plaintiff admits in her brief that the trampoline was not physically attached to the land, it must be concluded that the trampoline was personalty. We are supported in this conclusion by Zelenevich v. New Hope-Solebury School District, 44 Bucks ·Co. L. Rep. 350, 30 D.&C.3d 252 (1984) (stanchion on a volleyball net pole), and Joos v. Plum School District, 31 P.L.J. 147 (1983) (a table).

Furthermore, the Commonwealth Court has held· that the failure to supervise employees or students does not fall within the scope of "care, custody or control of real property." See Wimbish v. School District of Penn Hills, 59 Pa. Commw. 620, 430 A.2d ́710 (1981), and Robson v. Penn Hills School District, 63 Pa. Commw. 250, 437 A.2d 1273 (1981).

Having concluded that we cannot interpret the act to waive immunity as to this unfortunate incident solely because it occurred on defendant's real property, we are constrained to grant defendant's motion. Ordinarily before doing so, we would grant plaintiff leave to amend her complaint, however, we conclude that plaintiff could not plead a claim even if given another opportunity to do so. Consequently, we will enter an appropriate order. ·

## ORDER

And now, this January 4, 1985, for the reasons set forth in the foregoing opinion, defendant's motion for judgement on the pleadings is granted. Judgment is entered in favor of defendant Big Beaver Falls Area School District and against plaintiffs Tyra L. Dreher, a minor, by her parents and natural guardians, Diane Dreher and Diane Evan Dreher and Evan Dreher, her husband.