348

Louis Beardell, Jr., Louis Beardell, Sr. and Jane Beardell, Appellants *v.* Western Wayne School District, Wayco, Inc., Sugerman's Inc., Wilson & Co., Ada Metal Products and Passon's Sporting Goods, Inc., Appellees.

Argued April 8, 1985, before Judges ROGERS and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*John T. McLane, Thomas J. Foley, Jr., and Associates, P.C.,* for appellants.

*Anthony J. Magnotta,* with him, *Randolph T. Borden, Randolph T. Borden, P.C.,* for appellees.

OPINION BY JUDGE BLATT, August 23, 1985:

Louis Beardell, Jr., Louis Beardell, Sr. and Jane Beardell (appellants) appeal here from an order of the Court of Common Pleas of Wayne County granting a motion for summary judgment on behalf of Western Wayne School District (district).

The appellants filed a complaint alleging that Louis Beardell, Jr. suffered severe bodily injury when he slid into second base during a baseball game played against the district's high school baseball team on a field owned by the district. They further averred in their complaint that Louis Beardell, Jr., as a member of the Dunmore High School baseball team, was participating in this sporting event at the invitation of the

district, was "using" the base for its intended purpose, and was unaware of the dangers which might result to him because of the manner in which the base was attached to the playing field. The appellants also contended that the injuries suffered by Louis Beardell, Jr. directly resulted from the negligence of the district. In particular, the complaint states, at paragraph thirty-five that

(a) [The district] failed to exercise reasonable care in installing or supervising the installation of the base and plate or in inspecting subsequent to installation the base and plate;

(b) [The district] failed to exercise reasonable care to provide a safe place for the conducting of a baseball game;

(c) [The district] failed to exercise reasonable care in failing to provide adequate warning about or the safeguards to the risks and dangers in the use of the base and plate; [and]

(d) [The district] failed to exercise reasonable care in such other manner as may be discovered during the course of discovery.

In its answer, the district denied all of the allegations of negligence and raised, by way of new matter, the defense of governmental immunity as codified in 42 Pa. C. S. §§8541-8542. In the appellants' reply to the new matter, they stated that it was a legal conclusion requiring no responsive pleading and, in the alternative, they contended that the district's immunity had been waived because the injury resulted from the district's negligence in the care, custody and control of its real property. See 42 Pa. C. S. §8542(a) and (b)(3).

Following the closing of the pleadings, but before discovery had commenced, the district filed a motion

for summary judgment. The appellants opposed that motion, arguing that the motion was actually a motion for judgment on the pleadings and, as such, should be dismissed, that, in any case, the complaint stated a cause of action and that, if the court found the complaint insufficient, leave to amend should be granted.

The trial court granted the district's motion for summary judgment, reasoning that such a motion could be granted on the basis of the pleadings alone if, as here, no genuine issue of fact existed. Additionally, the trial court held that the district was entitled to judgment as a matter of law because the statutory exception to immunity relied upon by the appellants involved realty and, regardless of how the base was attached to the playing field, it would remain personalty. Relying on *Wimbish v. School District of Penn Hills*, 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981), the trial court also denied the appellants' request for leave to amend, stating that it could not conceive of any amendment to the complaint which would raise a factual issue or bring the appellants' cause of action within an exception to governmental immunity. The present appeal ensued.

The appellants argue preliminarily that the trial court erred in granting summary judgment where, as here, the motion is not supported by depositions, interrogatories or affidavits. *See* Pa. R.C.P. 1035. They contend that the trial court could only have granted judgment on the pleadings at this stage of the litigation. And, while they do concede in their brief that summary judgment has been granted on the basis of the pleadings alone in *Mallesky v. Stevens*, 427 Pa. 352, 235 A.2d 154 (1967), they argue that such a practice enables the moving party to avoid discovery of facts known only to that party.

We can not agree, however, with either the appellants' or the trial court's assessment of *Mallesky.*

Our reading of *Mallesky* indicates that one of the defendants there filed a motion for summary judgment after taking depositions and that the trial court granted summary judgment on the basis of the deposition of the plaintiff and not on the basis of the pleadings alone. Moreover, in comparing a motion for summary judgment with a motion for judgment on the pleadings, Goodrich-Amram 2d §1035(a):3 provides that

> [t]he motion for judgment on the pleadings was created to permit an overall examination of pleadings in the action, on application of any party, after the pleadings are closed, to determine whether judgment should be entered upon the pleadings prior to trial ... [while] ... [t]he motion for summary judgment is designed to supplement the motion for judgment on the pleadings to provide for an equivalent summary disposition of the case where the pleadings may be sufficient, on their face, to withstand a demurrer but where, in actuality, there is no genuine issue of fact and this can be conclusively shown through depositions, answers to interrogatories, admissions or affidavits.

Thus, while it is true that both motions are means by which a case may be summarily dismissed before trial on the basis that there exists no genuine issue of fact and the moving party is entitled to judgment as a matter of law, *compare Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 623, 430 A.2d 710, 711 (1981) and *Bersani v. School District of Philadelphia,* 310 Pa. Superior Ct. 1, 6, 456 A.2d 151, 154 (1982), it is clear that such a motion made at the close of the pleadings and supported only by the pleadings is more correctly labeled a motion for judgment on the pleadings rather than one for summary judgment.

We do not believe, however, that the district's failure to move for a judgment on the pleadings here, rather than summary judgment, is fatal inasmuch as the legal standards governing the granting of either motion are similar. We will, therefore, examine the trial court's order as if it had granted a motion for judgment on the pleadings.

Pursuant to Pa. R.C.P. 1034, a motion for judgment on the pleadings may be granted only in cases where no facts are at issue and the law is so clear that a trial would be a fruitless exercise. *See Matthew-Landis v. Housing Authority,* 240 Pa. Superior Ct. 541, 361 A.2d 742 (1976) and Goodrich-Amram 2d §1034 (a):1. In addition, the court must view all well-pled facts of the non-moving party as true and grant leave to amend, if, upon reviewing the pleadings, the existence of a material fact appears ambiguous. *Id.*

The appellants argue that the trial court erred when it determined that no factual issue remained to be resolved at trial. They contend that the manner in which the plate was attached to the playing field was not clear from the pleadings and, therefore that they should have been permitted to amend their complaint. The district, on the other hand, asserts that the trial court's assessment that no possible amendment to the complaint would result in a cognizable cause of action is correct in that the base, regardless of how it was attached to the ground, could not become realty as a matter of law, and that consequently the district is immune under 42 Pa. C. S. §8541.

Our Supreme Court in *Clayton v. Lienhard,* 312 Pa. 433, 167 A. 321 (1933) stated that

[c]hattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these al-

ways remain personalty. (Citations omitted.) Second, those which are so annexed to the property, that they cannot be removed without material injury to the real estate or to themselves; these are realty, . . . . (Citations omitted.) Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable. (Citations omitted.)

*Id.* at 436-437, 167 A.2d at 322. It is thus clear that a determination of whether or not a chattel or article of property has become realty involves factual considerations: *i.e.* how was the chattel annexed to the property and what was the intent of the parties at the time of annexation.

Our review of the pleadings here reveals that, although the appellants alleged that the base bag was annexed to the ground, it is not clear how the base bag or the plate upon which it rested were attached to the property. Consequently, material facts remain at issue. Additionally, the district did not attempt to prove by way of deposition or affidavit that the base bag and plate remained personalty, choosing instead to rely only on the pleadings. And, without knowing whether or not the base bag and plate were realty or personalty, we believe the trial court erred in determining, as a matter of law, that the district could never have been held liable under 42 Pa. C. S. §8542 (b)(3). *See Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commonwealth Ct.

604, 607-608, 464 A.2d 684, 686 (1983). "We believe the Section [42 Pa. C. S. §8542(b)(3)] must be read as a narrow exception to a general legislative grant of immunity and we construe it to impose liability only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used."

With respect to the trial court's denial of the appellant's request for leave to amend, we note that leave to amend is liberally granted to allow full development of a party's theories and averments. *Wimbish.* Here it appears that, if the appellants were permitted to amend the complaint to plead, more specifically how the plate was attached to the ground and how the injury occurred, the district's governmental immunity might be waived pursuant to 42 Pa. C. S. §8542(b)(3). Additionally, this is the appellants' first request to amend their complaint. Consequently, we believe that the trial court abused its discretion when it refused leave to amend.

Accordingly, we will reverse both the trial court's decision to grant summary judgment here[1] and its denial of the appellants' request for leave to amend the complaint.

### ORDER

AND Now, this 23rd day of August, 1985, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is reversed and remanded

---

[1] We note that, inasmuch as we have treated the district's motion for summary judgment as a motion for judgment on the pleadings, we do not believe that the district is precluded from filing a motion for summary judgment in this case based on any supporting depositions, affidavits or admissions.

for proceedings not inconsistent with this opinion. Jurisdiction relinquished.

Judge BARRY did not participate in the decision in this case.