## Cooper v. City of Pittsburgh

*John E. Quinn,* for plaintiff.
*Robert Smith, D. R. Pellegrini,* for defendant.

CAPPY, *A.J.,* — On February 8, 1985, plaintiff, as administratrix of her husband's estate, brought a wrongful death and survival action against defendant. The action resulted from the decedent's suicide in a cell block of the Public Safety Building in Pitts-

burgh, Pa., at approximately 2 a.m. on February 13, 1983. The decedent had been arrested that morning for being intoxicated in a public place.

Plaintiff advances two theories of liability in her complaint. First, that defendant negligently maintained custody and control of his real property, specifically the cell block at the Public Safety Building; and second, that defendant's placement of the decedent in the particular cell block in question was a deprivation of his constitutional rights, privileges and immunities, cognizable under 42 U.S.C. § 1983.

Defendant filed a motion for summary judgment arguing that the claim is barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541; and that plaintiff failed to state a cause of action pursuant to 42 U.S.C. § 1983. After a hearing on the motion, summary judgment for defendant was granted on February 19, 1987. Plaintiff then filed a prompt notice of appeal.

Plaintiff argued in his brief in opposition to the motion for summary judgment that defendant could not claim immunity in this instance, as defendant's negligence fell within one of the enumerated exceptions to the Political Subdivision Tort Claims Act, specifically, 42 Pa.C.S. § 8542(b)(3). That particular subsection states:

"The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency;

• • •

"(3) Real property. The care, custody or control of real property in a possession of a local agency, except for the local agency, shall not be liable for damages on account of any injuries sustained by a person intentionally trespassing on real property in possession of the local agency. . . ."

Plaintiff argues that this exception applies because the city was negligent in the design, maintenance and supervision of its cell blocks used to detain intoxicated individuals. Plaintiff further argues that cell blocks with bars, such as the cell in which the decedent was detained, pose a distinct risk of suicides when used to house individuals who are intoxicated. That the city was aware of the risks inherent in using this type of cell for this purpose, but deliberately continued to use the cells.

In essence, plaintiff states a well reasoned case for the redesign of holding facilities for intoxicated individuals, in order to cut down on the risk of suicides by such individuals upon their arrest. Plaintiff does not, however, state a claim that fits within any recognized exception to the Political Subdivision Tort Claims Act. As to the particular section relied upon plaintiff, the Commonwealth Court addressed that issue in *Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commw. 604, 464 A.2d 684 (1983). In that case, plaintiff was assaulted and forcibly taken through an unsecured gate in the fence around the school, onto a poorly lit area of the school where she was beaten. The lower court sustained the preliminary objections finding no exception to 42 Pa.C.S. §8542. Plaintiffs appealed and the decision was affirmed. The court held:

"We have held that section 8542(b)(3) does not waive immunity as to any unfortunate incident solely because it occurs on government-owned premises. *Wimbish v. School District of Penn Hills,* 59 Pa. Commw., 620, 430 A.2d 710 (1981). We believe the section must be read as a narrow exception to a general legislative grant of immunity and we construe it to impose liability only for negligence which makes government-owned property unsafe for the

activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used. Violent criminal acts such as occurred here are not a reasonably foreseeable use of the school property such that the exception will be applied." A.2d at 686.

Despite the allure of plaintiffs argument, it is not reasonably foreseeable that the use of the jail cell for its intended purpose, the detainment of lawfully arrested individuals, will cause an inherent risk of suicide. Defendant's immunity must be maintained in this instance.

Plaintiff also argued a 42 U.S.C. §1983, civil rights action, on the basis that the city knew that the structure and design of the cells with bars created a danger of suicide. By failing to redesign the cells or provide holding areas without bars the city acted "in a callous manner that showed a deliberate indifference to the welfare, well-being and lives of individuals such as the plaintiff's decendent. . . ." Taken in its most favorable light plaintiff's position here sets forth no more than an assertion of negligence by the city.

". . . Where a government or its agents act is merely negligent, there is no constitutionally protected right to file for injury to life, liberty or property under the 14th Amendment or under section 1983." *Daniels v. Williams,* 106 Pa. Super. 662, 664 (1986).

For the above reasons of fact and law this court entered the order granting the defendant's motion for summary judgment.