## Stahl v. Cocalico School District

*Edward A. Skypala,* for plaintiff.
*J. Michael Flanagan,* for defendant.

ECKMAN, *P.J.,* July 11, 1986.—Presently before the court are the preliminary objections in the nature of a demurrer filed by defendant, Cocalico School District.

Plaintiff, Doris A. Stahl, administratrix of the estate of Michael J. Wilson, deceased, instituted this action by filing a complaint on January 2, 1986, to which defendant filed the instant preliminary objections on January 15, 1986. Briefs having been filed by the parties, the matter is ready for disposition.

When ruling upon the sufficiency of a demurrer, this court is guided by well-established principles.

"A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading." *Duffee v. Judson,* 251 Pa. Super. Ct. 406, 409, 380 A.2d 843 (1977).

Moreover, "[t]o sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by plaintiff." *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 291, 259 A.2d 443 (1969).

Presently, the complaint asserts wrongful death[1] and survival[2] claims arising from the death of Michael J. Wilson, a minor. Decedent was killed on April 22, 1984, in a fall from the roof of the Cocalico

---

1. Judicial Code, Act of July 9, 1976, P.L. 586, §2, as amended; 42 Pa.C.S. §8301, Supplement.

2. Judicial Code, supra; 42 Pa.C.S. §8302.

Middle School located at South Fourth and South Sixth Streets, Denver Borough, Lancaster County, Pennsylvania. Decedent utilized a trash dumpster to gain access to a low section of the school roof and, while attempting to retrieve a ball on the roof, fell over the edge of the roof of one building, through a skylight located on a lower roof and onto the ground floor of the school building. Plaintiff alleges that decedent's fall and subsequent death were caused by: the negligence of defendant in negligently situating the dumpster in the immediate vicinity of a low roof where children could utilize it to gain access to the roof; negligently supervising the playground during the time the dumpster was located next to the building; and negligently maintaining the skylight with which children come into contract when retrieving balls from the school roof.

Defendant argues that, upon the facts averred, the law will not permit recovery by plaintiff because the instant circumstances do not constitute an exception to the tort immunity conferred upon local agencies by the Political Subdivision Tort Claims Act.[3] We agree.

Section 8541 of the act, supra, provides:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

A school district is a local agency as defined by the act. *Vince by Vince v. Ringgold School District,* 92 Pa. Commw. 598, 499 A.2d 1148 (1985);

3. Political Subdivision Tort Claims Act, Act of October 5, 1980, P.L. 693, §221(1); 42 Pa.C.S. §8541 et seq. The act, which became effective December 5, 1980, is applicable to causes of action accruing thereafter.

*Auerbach v. Council Rock School District,* 74 Pa. Commw. 507, 459 A.2d 1376 (1983). Therefore defendant is immune from liability to plaintiff unless plaintiff comes within one of the exceptions of the act.

In support of her position that defendant is not immune from liability, plaintiff relies on sections 8542(b)(2) and (3) of the act, supra, which state, inter alia:

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

"(2) Care, custody or control of personal property.—The care, custody or control of personal property of others in possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.

"(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency."

A simple reading of the personal-property exception reveals that only *property losses* suffered with respect to personal property in the control of the local agency are recoverable thereunder. The instant case does not seek to recover property losses suffered with respect to personal property in the local agency's possession or control, but rather seeks damages arising out of personal injuries suffered by decedent. Therefore, the personal-property excep-

tion does not apply in the instant case and does not abrogate the immunity afforded defendant by the act, supra.

We also find the real-property exception equally inapplicable. First, we note that the real-property exception "does not waive immunity as to any unfortunate incident solely because it occurs on government-owned premises." *Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commw. 604, 607, 464 A.2d 684 (1983); *Wimbish v. School District of Penn Hills,* 59 Pa. Commw. 620, 430 A.2d 710 (1981). The section must be read. as a narrow exception to a general legislative grant of immunity and construed to apply only in situations where the local agency's negligence makes the government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used. *Vann v. Board of Education of the School District of Philadelphia,* supra. Where the harm arises from acts or circumstances which are not reasonably foreseeable, an action under section 8542(b)(3) is not permitted. *Vann,* supra. (Action not permitted where harm caused by violent criminal acts on unlighted school property was not reasonably foreseeable.) In no event is the exception to be interpreted to impose a standard of liability on the local agency higher than that to which private landowners are held. *Vann,* supra, 76 Pa. Commw. 608.

Instantly, it was necessary for Michael J. Wilson to deliberately climb on top of the dumpster in order to gain access to the roof. Then it was necessary for him to cross the roof in order to be in a position to fall off the roof of the building onto the lower roof of another building, where he plunged through the skylight.

Under these facts, we do not believe that the local agency's alleged negligence made the school property unsafe for the activities for which it was regularly used, for which it was intended to be used, or for which it may be reasonably foreseen to be used. *Vann,* supra. Nor do we believe that defendant should have realized that the dumpster location, the roof of the first building and the skylight of the second building constituted a condition involving an unreasonable risk of death or bodily harm. See *Williams v. Overly. Mfg. Co.,* 153 Pa. Super. 347, 34 A.2d 52 (1943). Furthermore, the condition exists in a location which was not easily accessible to children. See *Krepcho v. City of Erie,* 145 Pa. Super. 417, 21 A.2d 461 (1941). In any event, the presence of personal property, even in a dangerous and hazardous condition upon real property of the local agency, does not impose liability under the real-property exception. *Vince by Vince v. Ringgold School District,* supra.

Since we believe that even a private landowner would not be held liable under the circumstances of the present case, so too, defendant as a government landowner cannot be held liable because the harm was not reasonably foreseeable. *Vann v. Board of Education of the School District` of Philadelphia,* supra.

Second, the real-property exception specifically states that "the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency . . ." 42 Pa.C.S. §8542(b)(3). Plaintiff maintains that the decedent was an invitee on the premises at the time of the incident and that therefore the exclusionary clause set forth in section 8542(b)(3) does not bar her recovery thereunder.

Initially, we take notice of the fact that April 22, 1984, the date of the accident which caused decedent's death, was a Sunday, a day when school was not in session. The law is well-settled that one who is invited or permitted to enter a particular part of the land for a particular purpose becomes a trespasser if he enters another part of the land. *Porreca v. Atlantic Refining Co.*, 403 Pa. 171, 168 A.2d 564 (1961); *Dumanski v. Erie*, 348 Pa. 505, 34 A.2d 508 (1943); *Frank v. Southeastern Pennsylvania Transportation Authority*, 96 Pa. Commw. 221, 506 A.2d 1015 (1986); *Bethay v. Philadelphia Housing Authority*, 271 Pa. Super. 366, 413 A.2d 710 (1979); *Whigham v. Pyle*, 224 Pa. Super. 6, 302 A.2d 498 (1973).

Presently, even assuming arguendo that decedent was an invitee on the school playground on the day of the accident, we find that decedent, by climbing on the dumpster and onto the roof to retrieve a ball, exceeded the scope of his invitation and became a trespasser. Since intentional trespassers are expressly excluded from recovery under section 8542(b)(3), supra, we find that plaintiff is precluded from availing herself of the advantage otherwise created by the real-property exception. See *Frank v. Southeastern Pennsylvania Transportation Authority*, supra.

For the foregoing reasons and based on the facts alleged, we find that defendant is immune from liability for the personal injuries suffered by decedent on defendant's property, and that none of the enumerated exceptions operate to abrogate the immunity afforded defendant under the Political Subdivision Tort Claims Act, supra. Hence, defendant's demurrer to the complaint must be sustained. *Schott v. Westinghouse Electric Corp.*, supra.

Accordingly, we enter the following

536

## ORDER

And now, July 11, 1986, the preliminary objections in the nature of a demurrer filed by defendant, Cocalico School District, to the complaint filed by plaintiff, Doris A. Stahl, administratrix of the estate of Michael J. Wilson, deceased, are hereby sustained.

Plaintiff is granted 20 days from the date of this order to file an amended complaint in the event plaintiff wishes to allege additional facts.