## Szmodis v. Northampton County Area Community College

*Kevin Kelleher,* for plaintiff.
*Joseph Leeson Jr.,* for defendant.

MORAN, *J.,* August 24, 1988 — This matter is before the court upon defendant's, Northampton County Area Community College, motion for summary judgment. Plaintiff, Joyce Szmodis, was enrolled as a student in a cross-country skiing course at the Northampton County Area Community College (NCACC). On January 28, 1984, during a regularly scheduled period of instruction, plaintiff was skiing under the supervision of a NCACC instructor. While skiing, her skis became entangled with the skis of another student causing her to fall. As a result of that fall she suffered serious personal injuries. The accident took place at the Louise Moore Park, a park owned by Northampton County, a municipal corporation which has no legal relationship with defendant.

Plaintiff claims that the class contained approximately 54 students. The class was divided into two

groups with one instructor responsible for each group. Plaintiff claims that defendant was negligent in failing to provide adequate instruction and supervision of the class, and that proper warnings concerning the risks and dangers were not given to plaintiff. Alternately, plaintiff alleges that defendant failed to properly maintain the property on which the instruction was given.

Defendant is now before this court upon a motion for summary judgment claiming that the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq., grants NCACC immunity from suit for the alleged failure to properly supervise the activities of students.

Summary judgment is made available by Pa.R.C.P. 1035 when it is established that the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits considered together, reveal that no genuine issue as to any material fact exists, and that the moving party is therefore entitled to judgment as a matter of law. This deposition will only be granted in cases where the right to such judgment is clear and free from doubt. *Yaindl v. Ingersoll-Rand Company, etc.*, 281 Pa. Super. 560, 422 A.2d 611 (1981). In determining a motion for summary judgment, the court must view the evidence in the most favorable light to the non-moving party and any doubts are to be resolved against the entry of summary judgment. *Husak v. Berkel Inc.*, 234 Pa. Super. 452, 341 A.2d 174 (1975).

The issue, for the purposes of this summary judgment motion, is whether the defendant, NCACC, is a local agency which is immune from suit for the allegedly negligent conduct.

42 Pa.C.S. §8541 states:

"Except as otherwise provided in this subchapter,

no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

42 Pa.C.S. §8542 in pertinent part, states:

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

"(3) *Real property* — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency . . . ."

Essentially, defendant claims the immunity granted under the Political Subdivision Tort Claims Act extends to community colleges and that the plaintiff's accident does not fit within any exception to the statute.

Plaintiff claims that governmental immunity does not extend to community colleges as such institutions are not local agencies under the act. Plaintiff argues in the alternative, in the event that this court finds the community college is covered by the act, that its cause of action fits within an exception to the immunity granted by the act.

The court has not found any appellate decisions dealing with the coverage of community colleges under the Political Subdivision Tort Claims Act. This court is, however, persuaded that a community college is a local agency covered by the act.

The act defines a local agency in the following terms:

"*Local Agency*—A government unit other than

the commonwealth government. The term includes an intermediate unit."

Community colleges are created and governed under the terms of the Community College Act of 1963, 24 P.S. §19-1901 A et seq., formerly 24 P.S. §5201 et seq. A community college is clearly a creature of the state. Local school districts within a county are authorized by the Community College Act to establish and fund community colleges with local tax revenues. Simple logic would appear to require a finding that a community college, as a tax supported institution created by local government units under a grant of authority by the state legislature, is a local governmental agency. This court's position on the matter is supported by a decision of the U. S. Third Circuit Court of Appeals in *D.P. Enterprises v. Bucks County Community College,* 725 F.2d 943 (1984).

Having determined that a community college is a local agency for purposes of the Political Subdivision Tort Claims Acts, the court will now deal with plaintiff's alternative theory for denying summary judgment. Plaintiff asserts that the cause of action fits within an exception to the statutory grant of immunity.

As previously stated, plaintiff claims that the defendant, acting through its agent instructors, failed to properly instruct and supervise the students in the skiing class. Plaintiff further claims that defendant failed to properly maintain the real property on which the course of instruction was offered.

There are eight statutory exceptions to the grant of immunity given to local government units. Those exceptions are set forth at 42 Pa.C.S. §8542 (b). Those exceptions do not include causes of action founded on negligent supervision of governmental activities. The plaintiff, however, attempts to fit this

cause of action under the exception dealing with real property in the possession of a local agency. The pertinent provisions of subsection (b) (3) are again set forth below:

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

"(3) *Real property* — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . ."

In dealing with this issue the court first notes that the real estate in question, Louise Moore Park, is owned and operated by the County of Northampton. Defendant community college is not an agency of the county nor does the county have any legal relationship with the community college. While apparently the course of instruction was conducted at the county owned park and the accident occurred at the park, the defendant community college did not own, lease or otherwise possess the property on which the accident occurred. As it did not possess the real estate, the exception set forth at subparagraph (b) (3) is inapplicable. Assuming, however, arguendo, that the use of the park land for a course of instruction somehow made the defendant community college a possessor of the real estate, plaintiff's argument fails on separate independent grounds.

Plaintiff, in her deposition, stated that her fall was caused by another student who accidentally bumped her, causing their skis to intertwine. This statement negates any factual dispute that the accident was caused by a defect on the land.

With respect to the claim that negligent supervision and instruction somehow falls within the real estate exception to the immunity granted by the act, the claim is without merit.

There are many Pennsylvania cases that have held that injuries suffered while a party is engaged in school activities where it is alleged that the defendant school or school district negligently failed to supervise and train its employees are outside the scope of the limited waiver for actions relating to the care and control of real property. *Wimbish v. School District of Penn Hills*, 59 Pa. Commw. 620, 430 A.2d 710 (1981), *Munoz v. School District of Philadelphia*, 23 D. & C. 3d 473 (1982).

The Pennsylvania Commonwealth Court in *Robson v. Penn Hills School District*, 63 Pa. Commw. 250, 437 A.2d 1273 (1981), stated that "it would be a total distortion of the language of section 202(b) (3) to allow the supervision or lack of supervision of school children to fall within the scope of care, custody and control of real property."* Therefore, it is clear that when plaintiff's claim relates to the inadequate supervision or security by teachers or support staff at a school the claim is precluded by governmental immunity.

Wherefore, we enter the following

## ORDER OF COURT

And now, August 24, 1988, defendant's, Northampton County Area Community College, motion for summary judgment is granted. Judgment is entered in favor of the defendant there being no genuine issue of material fact.

---

* This decision cites the prior codification number of 42 Pa.C.S. §8542(b) (3).