## Andrews v. North Schuylkill School District

*Peter M. Villari,* for plaintiffs.
*Robert G. Hanna Jr.,* for defendant.

RUBRIGHT, *J.,* June 26, 1990 — This matter is presently before the court on a motion for judgment on the pleadings filed by defendant. Briefs have been submitted and we are now prepared to dispose of the matter.

On October 7, 1986, Michelle Andrews was participating in a game of wiffle ball in the gymnasium of the North Schuylkill Junior-Senior High School. The wiffle ball game was a required gym class

activity and was a regular and permitted use of the gymnasium. Plaintiffs allege that Michelle "attempted to touch or tag second base with her right foot when the device used by the defendant for second base suddenly and without warning slipped out from under her right foot, thereby causing her to fall violently to the floor" and sustain injuries. The second base device, a five-sided piece of rubber, was not secured to the gymnasium floor. Plaintiffs allege that this constituted a defect in the construction, design and placement of a base in real property regularly used as a site for a baseball-type activity.

Defendant has filed the instant motion for judgment on the pleadings on the grounds that plaintiffs' claim is barred by governmental immunity. A motion for judgment on the pleadings may be granted only where no facts are at issue and the law is so clear that a trial would be a fruitless exercise. *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 496 A.2d 1373 (1985). All well-pleaded allegations of the party opposing the motion must be taken as true, while only those facts specifically admitted by the opposing party may be considered against him. *Nevling v. Natoli,* 290 Pa. Super. 174, 434 A.2d 187 (1981).

Section 8541 of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq., provides that:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

While the Political Subdivision Tort Claims Act generally provides for immunity, section 8542 of the act sets forth several conditions which, if fulfilled, will impose liability on a local agency. Specifically, section 8542 provides in pertinent part:

"§8542. *Exceptions to governmental immunity*

"(a) *Liability imposed* — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) *Acts which may impose liability* — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

"(3) *Real property* — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, 'real property' shall not include:

"(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

"(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights of way;

"(iii) streets; or

"(iv) sidewalks."

A plaintiff seeking to recover under section 8542 must meet two distinct requirements. First, he must show that he possesses a common-law or statutory cause of action against the local agency, 42 Pa.C.S. §8542(a), and second, the cause of action must fall within one of the exceptions to governmental immunity contained in section 8542(b). *Rhodes v. Lancaster Parking Authority,* 103 Pa. Commw. 303, 520 A.2d 122 (1987).

At issue in this case is whether plaintiffs' claim falls within the real-property exception to governmental immunity. It is plaintiffs' contention that the gymnasium was unsafe for an activity for which it was regularly used in that a non-slip base device or reasonable alternative, such as traffic cones or bases painted on the floor, was a necessary but absent element of the gymnasium's floor when used for wiffle ball games. The lack of such a safety feature or element was an aspect within defendant's care, custody and control of its real property and it is, therefore, actionable under the real-property exception to governmental immunity. Defendant has taken the position that the real-property exception does not apply because the base device was not affixed to the real estate and was, therefore, personalty.

Pursuant to the real-property exception, the conduct alleged in the complaint must directly relate to the condition of the property. *Fizzano v. Borough of Ridley Park,* 94 Pa. Commw. 179, 503 A.2d 57 (1986). This exception has been read to impose liability for negligence which makes government-

owned real property unsafe for activities for which it is regularly used, intended to be used or reasonably foreseen to be used. *Vann v. Board of Education, School District of Philadelphia,* 76 Pa. Commw. 604, 464 A.2d 684 (1983).

Our review of the complaint reveals that it alleges negligence concerning the care, custody and control of the area of the gymnasium used for wiffle ball. Specifically, the complaint avers in paragraph 10 that defendant was negligent in, among other things:

"(c) failing to install or use a type of base that would not slip or slide out from under those who stepped upon same while participating in baseball-type activities in the said school gymnasium;

"(d) failing to know or reasonably foresee that the regular use of the school gymnasium as a baseball or wiffle ball facility would cause injury to minor-plaintiff as occurred aforesaid;

. . .

"(i) using a device for a base during a wiffle ball game that had a propensity to move, slip or slide when stepped upon during its regular and expected use."

We find that the use of proper bases is an essential safety element of a gymnasium floor being utilized for wiffle ball and it is, therefore, an aspect within defendant's care, custody and control of its real property, subject to the real-property exception. Our holding is consistent with those of other cases in which the courts have looked beyond whether or not movable fixtures or personalty are involved and have focused instead on whether the real property involved is unsafe for the activity for which it is being utilized by reason of the nature or condition of the property itself. In *Singer v. School District of*

*Philadelphia,* 99 Pa. Commw. 553, 513 A.2d 1108 (1986), the court held that sufficient matting protection is a necessary element of a gymnasium's hardwood floor regularly used for gymnastic stunts and, therefore, the lack of such comes within the real-property exception to governmental immunity. Similarly, in *Cestari v. School District of Cheltenham Township,* 103 Pa. Commw. 274, 520 A.2d 110 (1987), the court held that proper matting could constitute an essential safety element of a school district's grounds being used for pole-vaulting and, accordingly, the case could come within the real-property exception. Based upon the holdings above, we must disagree with defendant's argument that plaintiffs' claims must fail because the base devices were personalty.

Accordingly, we enter the following

## ORDER OF COURT

And now, June 26, 1990, it is hereby ordered that defendant's motion for judgment on the pleadings is denied and dismissed.