Richard A. Lewis, a minor, by his parent and natural guardian, Helen Keller, and Helen Keller in her own right, Appellants *v.* Hatboro-Horsham School District and John Canally, Appellees.

Argued June 6, 1983, before President Judge CRUMLISH, JR., and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Gerald L. Bowen,* with him, *Robert R. Fleck, Bowen and Fleck,* for appellants.

*Phillip B. Silverman, McGettigan, McWilliams & Silverman,* for appellees.

OPINION BY JUDGE DOYLE, September 28, 1983:

This is an appeal from an order of the Court of Common Pleas of Montgomery County, Pennsylvania which granted summary judgment to the Hatboro-Horsham School District (School District) and John Canally, appellees, and barred the recovery of Richard A. Lewis, a minor, who was injured on the school premises. The Court found the School District to be immune under Section 201 of the Political Subdivision Tort Claims Act (Act).[1] We affirm.

On March 26, 1979, the appellee John Canally, employed by the School District as a baseball coach, was

---

[1] Act of November 26, 1978, P.L. 1399, *as amended,* 53 P.S. §5311.-101, repealed by Section 333 of the Act of October 5, 1980, P.L. 693. Similar provisions are now found at 42 Pa. C. S. §8541.

conducting practice for the junior varsity baseball team. While appellant Richard Lewis was rounding the bases as he had been instructed to do by the coach, he was hit in the eye by a line drive which Mr. Canally had just batted. As a result of this incident, appellant suffered a permanent loss of vision in his right eye.

Appellant contends that because this accident happened on school property it falls within one of the eight exceptions to the Act, namely that which imposes liability where the accident occurred because of failure to exercise proper care in the custody and control of real estate. The pertinent section of the Act provides:

> (b) Actions or activities which may impose liability—The following acts or activities by a political subdivision or any of its employees may result in imposition of liability on a political subdivision.

> . . . .

> (3) The care, custody or control of real property in the possession of the political subdivision. . . .

53 P.S. §5311.202(b)(3). This section generally imposes liability in cases where the cause of the accident was the subdivision or its employee's negligence in the care of real estate. Its purpose was to limit the old rule of absolute sovereign immunity by imposing a standard of due care on those political subdivisions who are owners or users of property. Penalty is then imposed in the form of liability for failure to adhere to the standard of care in cases involving the exceptions. In a similar case, *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981), a student was injured in a football game

on the school district's property. The student alleged that the school district and its employees were negligent with respect to a school activity and in failing to provide him with prompt medical attention following his injury on the school's premises. The complaint stated that the incident was within the Section 202(b) (3) exception for negligence in the care, custody and control of property. This Court there stated that that exception could not be interpreted to apply to the incident solely because it occurred on school property. *Id.* at 626, 430 A.2d at 713.

In the case at bar the cause of the accident was not negligence on the part of the School District or its employees in the care, custody and control of its real estate, but rather the cause was the action of the baseball coach in hitting a line drive while a player was rounding the bases. No determination has been made as to whether his actions constituted negligence. Even if such actions were negligent, however, it would not impose liability on the School District. Only if the accident had resulted from improper negligent maintenance of the field would liability be imposed. *See Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 251, 437 A.2d 1273 (1981). Where, as here, the cause was not negligence in the care, custody and control of the School District's baseball field, the real property exception to the immunity act does not apply.

The granting of summary judgment in favor of the School District and John Canally, its employee, was therefore proper.

#### Order

Now, September 28, 1983, the order of the Court of Common Pleas of Montgomery County in the above referenced matter, dated June 24, 1982 is hereby affirmed.

Concurring Opinion by President Judge Crumlish, Jr. :

I concur in the result of this case because it reflects the law as it now stands. The legislation in this area, however, is in serious need of revision. The statute should be more succintly worded to clearly delineate the specific instances where liability may be imposed. The current statute contains too many gray areas which give rise to cumbersome and time-consuming litigation. This case presents one area still currently protected that the General Assembly should seriously consider adding as an exception.