## Zelenevich v. New Hope-Solebury School District

*Richard H. Elliott*, for plaintiff.
*Dale P. Kennedy*, for defendant.

SOKOLOVE, J., July 5, 1984—Plaintiff John Zelenevich filed a complaint in trespass against New Hope-Solebury School District alleging that he was injured when one of the stanchions, affixed to the volleyball net poles he was wheeling into the gymnasium, suddenly parted from the pole and crushed the forward part of plaintiff's right foot. Plaintiff alleged that the net, poles and stanchions were in the exclusive care, custody and control of

defendant school district and that plaintiff was specifically directed and required by his physical education instructor to wheel the apparatus into the gymnasium. Plaintiff further alleged his injury was a direct result of the negligence of the district and its employees, said negligence consisting of averments, inter alia, that the district permitted the volleyball pole to remain loose in the stanchions and failed to instruct and supervise plaintiff in the safe, proper and required movement of the volleyball net.

In its answer, defendant district generally denied that "the plaintiff was specifically directed and required by his physical education instructor, who at all times material hereto was an agent, servant and employee of the defendant, to wheel into the gymnasium in cooperation with another student a certain volleyball net together with the pair of poles and stanchions which the said net was mounted." (Paragraph 5 of plaintiff's complaint.) Pa. R.C.P. 1045 & 1029 requires defendant in a trespass case to file a specific denial as to all averments relating to the identity, agency or employment and the ownership, possession or control of the property of instrumentality involved. All other averments shall be deemed denied. Therefore, defendant's answer (or lack of answers) was a denial of all averments except for the three instances listed above.

Defendant also raised as new matter the affirmative defense of immunity under the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8500 et seq. Since defendant's new matter was a conclusion of law, no responsive pleading was required. Enoch, et ux. v. Food Fair Stores, Inc., 232 Pa. Super. 1, 331 A.2d 912 (1974).

Defendant district then sought from plaintiff documents, interrogatories and a deposition.[1]

Subsequently, defendant district filed a motion for summary judgment based on the Pennsylvania Tort Claims Act, 42 Pa. C.S.A., Chapter 85, Subchapter C, contending that none of the eight exceptions to immunity are applicable under the facts averred by plaintiff. This motion is now pending before the court.[2]

Under Pa. R.C.P. 1034, the court may grant a motion for judgment on the pleadings only in cases where there are no issues of fact and where a controlling question of law is ripe for decision. Wimbish, supra. Taking the pleaded facts as true, the pivotal question is whether as a matter of law, plaintiff's claim is barred by Section 8541 of the Tort Claims Act, 42 Pa. C.S.A. §8541. Section 8541 states:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person.

---

1. The documents were not produced as noted from the file, but interrogatories were answered and plaintiff's deposition was transcribed. Neither adduced any information concerning sovereign immunity or its exceptions.

2. Although defendant labels its motion a motion for summary judgment, this court disregards the label and treats the motion as one for judgment on the pleadings as defendant's motion is essentially in the nature of a demurrer to the record on the pleadings and the well-pleaded averments of the nonmoving party plaintiff being deemed admitted by the moving party defendant for this motion. See Wimbish v. School District of Penn Hills, 59 Pa. Commw. 620, 430 A.2d 710 (1981).

Plaintiff's allegations of defendant district's negligence do not fall within the eight enumerated exceptions to the above-stated general rule, said exceptions found in §8542(b).

The only exceptions arguably encompassing plaintiff's allegations are found in §8542(b)(2) and (3), which state:

(b) Act which may impose liability. — The following acts or activities by a political subdivision or any of its employees may result in the imposition of liability on a political subdivision:

. . . .

(2) Care, custody or control of personal property. — The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.

(3) Real property. — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

An analysis of the interpretation of the eight exceptions to immunity, in view of the general rules of statutory construction, was made in Smith v. Lancaster Tax Bureau, 23 D.&C.3d 734 (1982). We follow that court's ruling that since the legislature intended to reinstate governmental immunity limited only by the eight enumerated exceptions, these exceptions should be narrowly interpreted, consistent with the plain meaning of the statute.

Plaintiff's claim that the district, through its employee, was negligent is outside the limited waiver

for actions relating to care, custody and control of personal and real property. Exception (b)(2) refers to personal property *of others* in the possession or control of the local agency. (Emphasis added.) Exception (b)(3) refers to *real property* in the possession of the local agency. (Emphasis added.) The volleyball net, poles and stanchion were not personal property of someone other than the defendant district nor can they be considered real property.

No determination has been made as to whether the district's actions were negligent; however, even if such actions were negligent, they would not impose liability on defendant School District. See Lewis by Keller v. Hatboro-Horsham School District, 77 Pa. Commw. 287, 465 A.2d 1090 (1983); Munoz v. School District of Philadelphia, 23 D.&C.3d 473 (1982). No exceptions to the immunity apply and thus the legislative grant of immunity bars plaintiff's claim.

Based on the foregoing, we enter the following

## ORDER

And now, this July 5, 1984, defendant New Hope-Solebury School District's motion for judgment on the pleadings is granted, and plaintiff's complaint in trespass is dismissed.