Thomas Usher, individually and as parent of James Usher, Appellant v. The Upper Saint Clair School District, Appellee.

Argued November 16, 1984, before Judges MAC-PHAIL, DOYLE and PALLADINO, sitting as a panel of three.

462

*Rhonda L. Comer*, with her, *John P. Gismondi, Gilardi & Cooper,* for appellant.

*Louis C. Long*, with him, *George I. Buckler, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee.

OPINION BY JUDGE MACPHAIL, February 11, 1985:

Thomas J. Usher (Appellant) appeals from an order by the Court of Common Pleas of Allegheny County which granted summary judgment to the Upper Saint Clair School District (Appellee). We affirm.

Appellant was injured during the performance of a chemistry experiment in one of Appellee's school buildings. A school teacher dropped a flaming chemical beaker which splashed flaming fluid on Appellant's face. At the time of the accident, Appellant was out of his seat and standing next to the sink counter where the experiment was being conducted. Appellant alleged in his complaint that the teacher was negligent in failing to take adequate measures to control the area immediately surrounding the experiment. In its answer to the complaint, Appellee raised

the defense of governmental immunity under Section 201 of the Political Subdivision Tort Claims Act (Act)[1] and moved for summary judgment. The trial court granted Appellee's motion. This appeal followed.

The only issue before us is whether the alleged negligent conduct was directly related to the care, custody or control of real property, one of the specific exceptions to governmental immunity enumerated in the Act.[2] Appellant argues that this case falls within the care, custody or control of real property exception because the teacher failed to control the area of the experiment. While Appellant recognizes that we have previously held that lack of supervision of school children does not fall within this exception,[3] Appellant argues that the complaint here avers failure to *control the area of the experiment,* not failure to control the students. We disagree.

Appellant's complaint states in pertinent part:

5. The aforesaid accident was caused by negligence of the defendant's agent in general and in the following particulars:

(a) in failing to properly conduct the said experiment;

(b) in failing to take adequate measures to protect the injured plaintiff.

Our reading of those allegations of negligence indicates that it is the teacher's failure to conduct the

---

[1] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §5311.101, repealed by Section 333 of the Act of October 5, 1980, P.L. 693. A similar provision is now found at 42 Pa. C. S. §8541.

[2] Section 202(b)(3) of the Act, *formerly* 53 P.S. §5311.202(b)(3). A similar provision is now found at 42 Pa. C. S. §8542(b)(3).

[3] *See Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981); *Wimbish v. Penn Hills School District,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981).

experiment and the teacher's failure to protect the student that comprise the basis for liability. Nothing is alleged concerning the Appellee's failure to control the real estate.

In *Lewis v. Hatboro-Horsham School District*, 77 Pa. Commonwealth Ct. 287, 289, 465 A.2d 1090, 1091 (1983), Judge DOYLE, writing for this Court, said:

This section [Section 202(b)(3)] generally imposes liability in cases where the cause of the accident was the subdivision or its employee's negligence *in the care of real estate*. Its purpose was to limit the old rule of absolute sovereign immunity by imposing a standard of due care on those political subdivisions who are owners or users of [real] property. Penalty is then imposed in the form of liability for failure to adhere to the standard of care in cases involving the exceptions (emphasis added).

Thus, in *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981), we held that sovereign immunity applied where a student is injured in a throwing incident while the teacher was out of the classroom; in *Lewis* we held that the same defense applied where a student was hit by a baseball during practice on school property; and in *Wimbish v. Penn Hills School District*, 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981), we held that the defense applied where a student was injured on school property and allegedly did not receive appropriate medical attention. In none of these cases was it alleged that the school district was negligent in the care, custody or control of its real estate.

As we have noted, neither is there such an allegation in the complaint now before us. Apart from the allegations in the complaint, Appellant's argument that liability should be imposed because of the

teacher's failure to control the area of the experiment must likewise fail. The area of the experiment, absent any allegation of a flaw in the real estate within that area, is not the responsibility of the Appellee under the Act. We believe that the teacher's alleged failure to control the area of the experiment is more akin to the allegation of the failure to supervise the students which we held subject to the defense of governmental immunity in *Robson*.

Order affirmed.

ORDER

The order of the Court of Common Pleas of Allegheny County, No. G.D. 82-12079, dated December 13, 1982, is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.