## Quaste v. Hayes

*Andrew E. DiPiero, Jr.*, for plaintiffs.

*Phillip B. Silverman*, for defendants Centennial School District, Weideman and Kimbel.

*William T. Renz*, for defendant Hayes.

BECKERT, *J.*, April 26, 1985—This action was instituted to recover damages for bodily injuries sustained by the minor plaintiff Christopher Quaste as the result of an alleged altercation with another student, defendant Patrick Hayes, which happened while they were passengers on a school bus. Also named as defendants were John Weideman (the bus driver), Elaine Kimbel (nurse on duty at the William Tennent High School) and the Centennial School District (employer of both the other defendants). These defendants have now filed a motion for summary judgment, seeking to be released on the basis of their immunity under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq.

The complaint avers that the bus driver failed to maintain order and decorum on the bus and that the nurse failed to provide proper medical treatment after the disruption occurred. Both were clearly employees of the School District and acting within the course and scope of their employment at the times in question. The only issue for resolution is whether the statute above-mentioned affords governmental immunity here. We conclude that it does.

Local agencies and their employees are protected under the act against negligent acts except those involving the following:

1. Vehicle liability.
2. Care, custody or control of personal property.
3. Real property.

4. Trees, traffic controls and street lighting.
5. Utility service facilities.
6. Streets.
7. Sidewalks.
8. Care, custody or control of animals.

Clearly, no medical malpractice exception is stated, so that there would be no exception to immunity as to the school nurse. The act does afford an exception as to motor vehicles in subsection 8542(b) as follows:

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) Vehicle liability.—The operation of any motor vehicle in the possession or control of the local agency . . . ."

We do not believe alleged lack of supervision of students riding as passengers on a school bus can reasonably be construed to be an element of "operation" of that vehicle. There appears to be no reported case law decision dealing with this question. However we are persuaded to follow, by analogy, the reasoning employed in the two cases cited by defendant, Lewis v. Hatboro-Horsham School District, 77 Pa. Commw. 287, 465 A.2d 1090 (1983) and Robson v. Penn Hills School District, 63 Pa. Commw. 250, 437 A.2d 1273 (1981). In each of those cases recovery was barred as to acts which arose on school property but which were not the result of improper or negligent care or maintenance, where the claims stated did not directly relate to its care, custody and control.

There is no significant distinction between a wrongful or negligent act committed on a school's playing field or on board a school's vehicular transportation. In neither instance can we find any

meaningful tie between the nature of the injury suffered and the situs where it happened. "Operation" of a bus, as we interpret the statute, would be limited to the manner in which the driver causes it to be propelled or directed, or to the mechanical movement and workings of the vehicle itself. That term cannot be reasonably extended to encompass some collateral burden on the part of a lone vehicle driver to shepherd the goings-on of the flock of students being transported.

We accordingly release all of defendants, with the exception of Patrick Hayes, and Michael Hayes as legal guardian of Patrick Hayes, from this litigation.

## ORDER

And now, this April 26, 1985, defendants' motion for summary judgment is hereby granted, and judgment is entered against plaintiffs Charles E. Quaste, father and natural guardian of Christopher M. Quaste, a minor and Charles E. Quaste, individually, and in favor of defendants Centennial School District, John Weideman and Elaine Kimbel.