Sean A. TACKETT, Appellant,

v.

PINE RICHLAND SCHOOL DIS-
TRICT, Brenda Vrable, Evan
Karrs, and Jessica Joseph.

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2002.

Decided March 14, 2002.

James R. Mall, Pittsburgh, for appellant.

Kenneth S. Mroz, Pittsburgh, for appellees.

Before COLINS, President Judge, LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Sean A. Tackett (Tackett) appeals from a final order of the Court of Common Pleas of Allegheny County (trial court) which granted the Motion for Summary Judgment filed by Pine Richland School District (School District) and Brenda Vrable (Vrable) (collectively, Appellees) and dismissed Tackett's claims against Appellees with prejudice. We affirm.

Tackett was a junior at Pine Richland High School and was enrolled in an advanced chemistry class taught by Vrable. During the course of a chemistry experiment, Tackett sustained severe burns when classmates Jessica Joseph and Evan Karrs ignited ethyl alcohol. The experiment was not conducted under the classroom's fume hood, a fixture designed to exhaust flammable vapors.

On September 29, 2000, Tackett filed a complaint against Appellees, Joseph and Karrs. In the complaint, Tackett alleged that Appellees were negligent for failing to have adequate safety equipment on the premises, failing to properly inspect the premises, and permitting a dangerous condition to exist on the premises.

In response, Appellees filed a motion for summary judgment on the basis that Appellees are immune from suit under Section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. By order dated August 2, 2001, the trial court granted Appellees' motion for summary judgment and dismissed Tackett's claims against Appellees with prejudice.[1] This appeal now follows.[2] Tackett raises the following questions for our review:

1. Did the trial court err in granting summary judgment to Appellees?

2. Did Tackett's injury result from a dangerous condition arising from the custody and control of real property by Appellees so as to fall within the real property exception of Section 8542(b)(3) of the Judicial Code, 42 Pa.C.S. § 8542(b)(3)?

3. Did the negligent conduct of Vrable in failing to use a fume hood permanently affixed to the real estate fall within one of the exceptions to governmental immunity enumerated in the Judicial Code?

Tackett contends that the trial court erred in granting summary judgment because Tackett's injury resulted from a dangerous condition arising from Appellees' care, custody and control of real property so as to fall within the real property exception of Section 8542(b)(3) of the Judicial Code. We disagree.

■ Local government agencies are generally immune from tort liability. Section 8541 of the Judicial Code. This "governmental immunity," however, is not absolute. Section 8542 of the Judicial Code provides that an injured party may recover in tort from a local agency if: (1) damages would be otherwise recoverable under common law or statute; (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties; and (3) the negligent act of the local agency falls within one of eight enumerated categories. One exception is known as the real property exception. *Id.* The real property exception imposes a liability upon a local agency for:

> The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

Section 8542(b)(3) of the Judicial Code. In order to maintain a negligence claim under the real property exception, the injured party must prove that the injury resulted from a dangerous condition arising from the care, custody and control of the real property by a local government agency. *Mellon v. City of Pittsburgh Zoo,* 760 A.2d 921, 924 (Pa.Cmwlth.2000).

Relying upon *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997) and *Hanna v. West Shore School District,* 548 Pa. 478, 698 A.2d 61 (1997), Tackett maintains that Vrable's failure to utilize the fume hood for its intended purpose during a chemistry experiment falls within the real property exception to governmental immunity. In

---

**1.** Tackett's remaining claims went before a jury, which returned a verdict in favor of Joseph and Karrs.

**2.** Our scope of review of a grant or denial of a motion for summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Cmwlth. 99, 632

A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party clearly establishes that he is entitled to judgment as a matter of law. *Id.*

*Grieff,* a volunteer fire chief poured paint thinner on a firehouse floor in order to clean it. The plaintiff sustained severe burn injuries when the paint thinner ignited and engulfed her in flames. In determining that the liability fell within the real property exception, the Pennsylvania Supreme Court moved away from the "on-of distinction" and held that the real property exception is triggered whenever the cause of the injury involves the "care, custody and control" of the real property. While no part of the real estate was defective or malfunctioning, the Supreme Court determined that the affirmative action taken by the fire chief in caring for the property under his custody and control caused the plaintiff's injury. *Grieff.*

In *Hanna,* the plaintiff sued a school district for injuries caused by an accumulation of water on its real property. This Court initially rejected the plaintiff's claim on the ground that the school district was immune from suit as the injury was not caused by the property itself, but by water on the property. The Supreme Court reversed our decision and remanded the case for further consideration in light of its decision in *Grieff.* On remand, we concluded that the school district was not immune because the plaintiff's injuries were caused by the school district's *negligent care* of the real estate. *Hanna v. West Shore School District,* 717 A.2d 626 (Pa.Cmwlth.1998).

Following *Grieff* and *Hanna,* this Court has addressed the issue of whether the real property exception extended to those whose claim of negligence consists of a failure to supervise the conduct of persons adequately or a failure to conduct an activity in an appropriate area of the property. *Wilson v. Norristown Area School District,* 783 A.2d 871 (Pa.Cmwlth.2001); *Tiedeman v. City of Philadelphia,* 732 A.2d 696 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 562 Pa. 678, 753

A.2d 823 (2000). In *Tiedeman,* a heating maintenance company's worker, who was allegedly assaulted by a city employee while on city-owned property, brought a negligence action against the city on the basis that the city was negligent for failing to supervise and control its employee. The trial court dismissed plaintiff's complaint based upon governmental immunity. On appeal to this Court, we concluded that the real property exception to governmental immunity was not applicable to the negligence action because there was no defect or condition of the real property that *caused* the worker's injuries. This Court emphasized that the dangerous condition, which causes the injury, must arise from the property itself, or the care, custody and control of it. In *Tiedeman,* neither the condition of the city's property, nor the negligent maintenance of it, caused the plaintiff's injuries. Rather, the city employee's tortious and criminal conduct alone caused the plaintiff's injuries. *Id.*

In *Wilson,* a school's field hockey coach moved practice indoors in inclement weather and required team members to run relay tag drills in the school's staircases and hallways. During this practice, a student lost her footing in a stairwell and sustained multiple injuries. The trial court granted compulsory nonsuit based upon governmental immunity. On appeal to this Court, the student argued that because the coach was in control of the stairs, the negligence fell within the real property exception. This Court disagreed, finding that the negligence involved the negligent care, custody and control of *the students,* rather than the real property. In *Wilson,* there was nothing wrong with the stairs; the problem was the coach's decision to use the stairs for practice. This Court held that the failure to conduct an activity in an appropriate area of the school property does not constitute a dangerous condition arising from the care, custody or control of real property. *Id.*

In *Usher v. Upper St. Clair School District*, 87 Pa.Cmwlth. 461, 487 A.2d 1022 (1985),[3] an action was initiated against a school district for injuries sustained by a student during a chemistry experiment. Summary judgment was granted by the trial court. On appeal, this Court held that the alleged negligence of the school teacher in failing to properly supervise and conduct the chemistry experiment and in failing to take adequate measures to protect the student, which resulted in burns to the student, was not related to the "care, custody or control" of real property. This Court stated that "the teacher's alleged failure to control the area of the experiment is more akin to the allegation of the failure to supervise the students which we held subject to the defense of governmental immunity." *Id.* at 1023.

We find the facts in the present case to be more analogous to *Tiedeman, Wilson* and *Usher* than to *Grieff* and *Hanna*. Tackett's injury was not *caused* by the negligent care, custody or control of real property. Rather, the injury was caused by a chemistry experiment that went awry. The experiment was conducted by Tackett's classmates under the supervision of Vrable. While the experiment was conducted within the real property, Tackett's injury was not *caused* by a defect on the real property or a dangerous condition arising from Vrable's care, custody or control of the real property. Like the stairs in *Wilson,* there was no defect in the fume hood. Vrable's decision not to use the fume hood does not constitute a dangerous condition arising from the care, custody and control of real property. The alleged acts of negligence relate only to Vrable's failure to properly supervise the students or the classroom activity. Such

negligence does not fall within the real property exception to governmental immunity.

In light of the above, viewing the evidence and all reasonable inferences arising from it in the light most favorable to Tackett, we conclude that Tackett did not present evidence showing a claim within the real property exception to governmental immunity. We, therefore, conclude that the trial court did not err in granting Appellees' motion for summary judgment.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *14th* day of *March,* 2002, the order of the Court of Common Pleas of Allegheny County, at No. GD00–016492, dated August 27, 2001, is affirmed.

**3.** Although *Usher* was determined prior to the Supreme Court's ruling in *Grieff, Usher* is still good law.