## Landis v. School District of the City of Allentown

C.P. of Lehigh County, no. 2002-C-0040.

*Neil E. Durkin,* for plaintiff.
*Cliff A. Morales,* for defendants.

BLACK, *J.,* June 10, 2003—This case is before the court on the motion of defendant School District of the City of Allentown (ASD) for summary judgment based on (1) the expiration of the statute of limitations and (2) governmental immunity. For the reasons that follow, we find that ASD is immune from suit on the cause of action

asserted against it. Therefore, ASD's motion for summary judgment is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Deborah Landis, brings this action individually and as parent and natural guardian of her son, Brandon Breisch, for damages arising from injuries sustained by him in two separate incidents that occurred on property of ASD. At all times relevant to this action, Brandon was a student at Jefferson Elementary School in Allentown, Pennsylvania. The Jefferson School is operated by ASD.

The first incident occurred on May 20, 1998, when Brandon, who was then 5 years old, was playing on certain playground equipment manufactured by defendant BCI Burke Company, LLC. The playground equipment has been described by the parties as a "jungle gym" incorporating, inter alia, horizontal bars and ladders into its structure. The parties agree that it was securely installed into the ground and is therefore part of ASD's property. While playing on this equipment Brandon fell to the ground, fracturing his right radius and ulna. At the time of this incident, ASD had a policy that prohibited children of Brandon's age from using this equipment.

On September 7, 2001, while climbing on the same piece of playground equipment, Brandon again fell to the ground, this time sustaining a right radial head fracture. This injury healed over the next two-and-one-half months, but Brandon still experiences "achiness" in the area where his arm was previously injured in the 1998 incident.

Plaintiff initiated this suit against both ASD and BCI on January 7, 2002, for medical expenses incurred by her for Brandon and on Brandon's behalf for his pain and suffering and disability as a result of the two incidents referred to above. Plaintiff concedes that her individual claim for medical expenses arising from the 1998 incident is barred by the two-year statute of limitations. However, she continues to pursue a claim for medical expenses arising from the second incident and a claim on Brandon's behalf for his pain and suffering and disability arising from both incidents.

Plaintiff's complaint alleges that ASD was negligent (a) by installing equipment on its property with horizontal bars that are too high for a child of Brandon's age to safely traverse; (b) by failing to mark the bars with minimum height restrictions; and (c) by failing to maintain a minimum level of impact-absorbing material under the lateral bars to cushion a child's fall from the apparatus.

Discovery has been completed, and ASD now moves for summary judgment. ASD and BCI each joined the other as an additional defendant on claims of sole liability, joint liability, and liability over. However, BCI has not opposed ASD's summary judgment motion.

## DISCUSSION

The standard for reviewing a summary judgment motion is well established.

"Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . . The re-

viewing court must view the record in the light most favorable to the non-moving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party." *Basile v. H & R Block Inc.,* 563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000). (citations omitted) The court is not to grant summary judgment where the moving party relies exclusively upon oral testimony, affidavits, or depositions to establish the absence of a genuine issue of material fact. *Nanty-Glo Borough v. American Surety Co.,* 309 Pa. 236, 238, 163 A. 523, 524 (1932). No matter how indisputable such proof may appear, issues of witness credibility are for the jury. *Id.* In moving for summary judgment, the defendants have the burden of establishing that there exists no genuine issue of material fact, and that they are therefore entitled to judgment as a matter of law.

"The non-moving party is entitled to all reasonable inferences. Any doubts as to the existence of a factual dispute must be resolved in the non-moving party's favor and *summary judgment is appropriate only in the clearest of cases." Nelson v. Heslin,* 806 A.2d 873, 876 (Pa. Super. 2002), quoting *Lange v. Burd,* 800 A.2d 336, 338 (Pa. Super. 2002). (emphasis in original)

In responding to a motion for summary judgment the non-moving party cannot rest on the allegations of his/her pleading, but must produce sufficient evidence by way of affidavits, answers to interrogatories, depositions, or admissions in pleadings or discovery to create a genuine issue of fact on those issues on which the non-moving party has the burden of proof at trial. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996).

As a local agency, the ASD is entitled to governmental immunity pursuant to 42 Pa.C.S. §8541 unless the cause of action falls within one of the recognized exceptions to governmental immunity found in 42 Pa.C.S. §8542(b). At issue is the applicability of the real property exception to immunity, which is as follows:

"(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: ...

"(3) Real property.—The care, custody or control of real property in the possession of the local agency ...."[1]

ASD contends that plaintiff has failed to adduce sufficient evidence during discovery to justify the application of the real property exception. It is well established that "exceptions to the rule of immunity are to be narrowly interpreted given the express legislative interest to insulate political subdivisions from tort liability." *Phillips v. City of Philadelphia,* 148 Pa. Commw. 175, 181, 610 A.2d 509, 512 (1992). Plaintiff concedes that she cannot support the allegations in the complaint that ASD failed to lay down sufficient impact-absorbing padding beneath the equipment. Additionally, in responding to the summary judgment motion, plaintiff does not contend that ASD was negligent in installing the equipment or in failing to mark minimum height restrictions on the bars. Rather, plaintiff states:

"After discovery, plaintiff's negligence claims have been narrowed to the negligence of school district employees Susan Taber and Cynthia Czopp."[2]

---

1. 42 Pa.C.S. §8542(b)(3).

2. Plaintiff's brief in opposition to defendant school district's motion for summary judgment at 3.

Viewing the evidence in the light most favorable to plaintiff, the non-moving party, the relevant facts are these: Ms. Taber is an ASD gym teacher who was present for the 1998 incident and was in charge of supervising the children using the playground equipment at that time. She failed to instruct Brandon to alight from the jungle gym and failed to physically remove him from the equipment when she saw him on it shortly before his first fall.

Ms. Czopp is an ASD teacher who was present for the 2001 incident and was in charge of supervising the children using the playground equipment at the time. She failed to prevent Brandon from using the equipment despite ASD's policy then of prohibiting children in Brandon's age group from using the equipment.

Plaintiff cites *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997), in support of her argument that because Taber and Czopp had control of the playground equipment, the real property exception to immunity is implicated. According to plaintiff, by their failure to remove the child from the jungle gym or to warn him not to use it, they were negligent in the "care, custody, and control" of the equipment. However, in *Grieff, supra,* the alleged negligence arose from affirmative actions by an individual on behalf of the local agency in caring for its property. In that case, the chief of a volunteer fire association attempted to clean the floor of a firehouse with paint thinner when it ignited and caused injuries to Reisinger, a visitor of the station. The court held that the real property exception to governmental immunity applied because it was the fire chief's negligent actions in the maintenance of government property that led to the plaintiff's injury. The court wrote:

"Here, Grieff's care of the Fire Association's property caused the fire that injured Reisinger. . . .

"The Fire Association's property did not facilitate an injury by a third party. Rather, Grieff's and the Fire Association's alleged negligent care of the property caused Reisinger's injury. The Reisingers' claim falls squarely within the real property exception." *Reisinger, supra* at 16-17, 693 A.2d at 197. (footnote omitted) In the instant case there are no affirmative acts of negligence alleged on the part of Ms. Taber or Ms. Czopp. Thus, *Greiff* does not support plaintiff's position in this case.

Plaintiff's theory of liability here is that Ms. Taber and Ms. Czopp were negligent in the care, custody and control of one of their *students,* not of ASD's real property. This case is similar to *Wilson v. Norristown Area School District,* 783 A.2d 871 (Pa. Commw. 2001), where a student sued the school district and its athletic coach for injuries she sustained during a relay tag drill for the school's field hockey team. Because of inclement weather, the coach instructed the students to run their drills on the staircases inside the school. While doing so, the plaintiff tripped on the stairs and fell, sustaining injuries to her jaw and face. The court held that because the plaintiff's injury was not caused by a defect on the school district's property or by the negligent care of its property, the real property exception to governmental immunity did not apply, stating:

"[A]ll of the evidence presented by [the plaintiff] points to Coach Meissner's negligent supervision of the hockey team as the cause of [the plaintiff's] injuries, and not the

district's real property or its care of the property." *Wilson, supra* at 876.

Similarly, in *Usher v. Upper St. Clair School District,* 87 Pa. Commw. 461, 487 A.2d 1022 (1985), the Commonwealth Court rejected the plaintiff's claim that the alleged negligence of a school teacher in failing to properly supervise a chemistry experiment and to take steps to protect the plaintiff brought the case within the scope of the real property exception to governmental immunity. The court stated:

"We believe that the teacher's alleged failure to control the area of the experiment is more akin to the allegation of the failure to supervise the students which we held subject to the defense of governmental immunity in *Robson.*"[3] *Id.* at 465, 487 A.2d at 1023. In the instant case, where the claim is that the ASD teachers did not adequately supervise Brandon, the same result should obtain.

Had plaintiff in this case produced evidence that ASD failed to maintain the required amount of impact-absorbing padding beneath the playground equipment, as alleged in their complaint, this would have been evidence of negligent care of its property and would likely have been sufficient to defeat the present motion for summary judgment. But because plaintiff admittedly was unable to uncover evidence in support of this allegation during discovery, the case has effectively been reduced to a claim of negligent supervision of Brandon. This does not qualify for the real property exception to governmental immunity. See *Mooney by Mooney v. North Penn School*

---

3. *Robson v. Penn Hills School District, infra.*

*District,* 90 Pa. Commw. 7, 493 A.2d 795 (1985) (student who sustained injuries on school's steps unable to invoke real property exception because case amounted to a failure of the school to properly supervise student); see also, *Robson v. Penn Hills School District,* 63 Pa. Commw. 250, 437 A.2d 1273 (1981) (student injured by pencil thrown by fellow classmate in unattended classroom unable to invoke real property exception because "action or activities" complained of is really a failure of defendant to supervise students).

A mere failure to warn a child of impending danger or to physically remove him from a danger he put himself in is not enough to bring a claim within the purview of the real property exception. The Commonwealth Court recently emphasized that the injury must result from the "care, custody and control of the *real property* by a local government agency." *Cureton ex rel. Cannon v. Philadelphia School District,* 798 A.2d 279, 284 (Pa. Commw. 2002). (emphasis added) In *Cureton,* the court cited with approval *Tackett v. Pine Richland School District,* 793 A.2d 1022 (Pa. Commw. 2002), in which the court reviewed and affirmed a line of governmental immunity cases including *Usher* and *Wilson, supra.* The plaintiff in *Cureton* initiated an action against a school district for injuries he sustained while cleaning a scroll saw during a shop class. The court applied the real property exception to government immunity because it was the negligence of the defendant's employee in his care of the school's property, *i.e.,* by failing to turn off the main power switch, that contributed to the plaintiff's injury. The court distinguished the case from *Usher* and *Wilson, supra,* because the injuries in those cases resulted

from the negligent supervision of a student, and not from negligence associated with the defendant's maintenance of its real property.

Accordingly, since plaintiff's only theory of liability amounts to a claim of negligent supervision, summary judgment must be granted in favor of ASD, based on the defense of governmental immunity. Because we grant ASD's motion on this ground, we need not address the other issues raised in its motion.

### ORDER

Now, June 10, 2003, upon consideration of the motion of the defendant School District of the City of Allentown for summary judgment, and the plaintiff's response thereto, after review of the parties' briefs and oral argument and for the reasons set forth in the accompanying opinion, it is ordered that said motion is granted. Judgment is hereby entered in favor of said defendant against plaintiff and against defendant BCI Burke Company, LLC.