Warner v. Lawrence

*Lawrence Solomon,* for plaintiff.
*Mark DiGiovanni and Margaret E. Wenke,* for defendant school.

LACHMAN, *J.,* December 9, 2004—

## PROCEDURAL HISTORY

This personal injury action arises out of an incident that occurred on the premises of defendant World Communications Charter School (WCCS). WCCS is a charter school created pursuant to the Charter School Law, 24 P.S. §17-1701-A et seq. The minor plaintiff, a student at WCCS, alleges that while he was retrieving items from his locker, he was injured by another student, co-defendant Daniel Lawrence. Plaintiff further alleges that, given a history of student "horseplay and rough hous[ing]" in the hallways, the defendant school was negligent for failing to post monitors in the hallways at the time of plaintiff's injury.

On January 5, 2004, defendant WCCS filed a motion for summary judgment on the basis that section 17-1714-A(a)(2) of the Charter School Law, 24 P.S. §17-1701-A et seq., provides that a charter school may sue or be sued, "but only to the same extent and upon the same condition that political subdivisions and local agencies can be sued." Therefore, defendant WCCS claimed immunity pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. The court found that none of the exceptions set forth in 42 Pa.C.S. §8542, *Exceptions*

*to governmental immunity,* were applicable to plaintiff's theory of negligence against the defendant school. See also, *Usher v. Upper Saint Clair School District,* 87 Pa. Commw. 461, 487 A.2d 1022 (1985) (school subject to immunity for its alleged negligent failure to provide proper supervision during a science experiment). Therefore, by order dated March 26, 2004, the court granted said motion.

On April 12, 2004, claiming that the defendant charter school was not a political subdivision or local agency, plaintiff filed a motion requesting certification of the trial court's order, pursuant to Pa.R.A.P. 341(c). Plaintiff contended that any legislative attempt to restrict the plaintiff's right to sue and to grant charter schools immunity found in 24 P.S. §17-1714-A(a)(2), is unconstitutional. On April 26, 2004, the court issued an order granting plaintiff's motion for certification. Subsequently, plaintiff filed a timely appeal and 1925(b) statement.

## DISCUSSION

The Pennsylvania Supreme Court has held:

"A statute will be found unconstitutional only if 'it clearly, palpably and plainly' violates constitutional rights. . . . Under well-settled principles of law, there is a strong presumption that legislative enactments do not violate the constitution. . . . Further, there is a heavy burden of persuasion upon one who questions the constitutionality of an Act." *Commonwealth v. MacPherson,* 561 Pa. 571, 580, 752 A.2d 384, 388 (2000). (citations omitted)

Plaintiff has not met that burden.

In *Carroll v. County of York,* 496 Pa. 363, 369-70, 437 A.2d 394, 397-98 (1981), the Pennsylvania Supreme Court held that the Political Subdivision Tort Claims Act is constitutional, and that it has frequently recognized that the legislature may limit liability on the basis of a defendant's status.

"The report of the Joint State Government Commission on sovereign immunity, which formed the basis for the Political Subdivision Tort Claims Act, explains that partial immunity will assure

" 'that the Commonwealth will not be required to process and defend various litigation brought against it in areas where risk management is totally uncertain at this time . . .'

"May 1978 report at 10. Manifestly, it is within the province of the legislature to determine that certain bars to suit are, in its judgment, needed for the operation of local government. . . ."

In 24 P.S. §17-1703-A, the legislature described a "charter school" as "an independent public school established and operated under a charter from the local board of school directors and in which students are enrolled or attend. A charter school must be organized as a public, non-profit corporation."

Charter schools are "not exempt from statutes applicable to public schools other than [the Charter School Law]." 24 P.S. §17-1715-A(1). A charter school is held accountable to the parents, public and Commonwealth, and it is funded by the school district of residence of the students. 24 P.S. §§17-1715-A(2) and 17-1725-A.

The intent of the legislature set forth in 24 P.S. §17-1702-A provides for the opportunity to establish schools operating independently from the existing school district structure as a method to accomplish the following:

"(1) Improve pupil learning.

"(2) Increase learning opportunities for all pupils.

"(3) Encourage the use of different and innovative teaching methods.

"(4) Create new professional opportunities for teachers, including the opportunity to be responsible for the learning program at the school site.

"(5) Provide parents and pupils with expanded choices in the types of educational opportunities that are available within the public school system.

"(6) Hold the schools established under this Act accountable for meeting measurable academic standards and provide the school with a method to establish accountability systems."

Given the fact that charter schools are the creation of the legislature, and the importance of the above enumerated functions of charter schools in fulfilling the government's responsibility for providing public education, the court finds that legislative immunity referred to in 24 P.S. §17-1714-A(a)(2) is constitutional. Accordingly, the trial court's order granting defendant World Communication Charter School's motion for summary judgment should be affirmed.