Matt Taylor, Appellant *v.* Washington County, Appellee.

Argued October 8, 1985, before Judges ROGERS and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Morley M. Azorsky,* for appellant.

*Katherine B. Emery,* with her, *Melvin B. Bassi,* County Solicitor, *Bassi and Rega,* P.C., for appellee.

OPINION BY JUDGE MACPHAIL, November 7, 1985:

Matt Taylor (Petitioner) appeals here an order of the Court of Common Pleas of Washington County which granted Washington County's (Respondent) motion for judgment on the pleadings. We affirm.

The facts are not in dispute. By court order dated January 27, 1983, the Respondent's Tax Claim Bureau was ordered to advertise the sale of certain property at least thirty days prior to the sale. The sale, however, was held on February 24, 1983, and Petitioner was the successful bidder. On April 5, 1983, the equitable owners of the property claimed that the tax sale had not been timely advertised and petitioned to set aside the sale. On June 2, 1983, after a hearing, the trial court set aside the tax sale.

A complaint in trespass was filed by Petitioner in the court of common pleas alleging negligence on the part of Respondent in failing to provide adequate notice of the tax sale. Petitioner requested damages in the amount of $18,484.74, his "lost" profit. Re-

spondent filed an answer and new matter, claiming immunity under Section 8541 of the Judicial Code (Code), 42 Pa. C. S. §8541. The trial court found that Petitioner's claim did not fall within the exceptions to immunity, Section 8542 of the Code, 42 Pa. C. S. §8542 and granted Respondent's motion. The instant appeal followed.

Section 8541 of the Code provides:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

Limited exceptions to governmental immunity are found at Section 8542 of the Code. Petitioner avers that his claim falls within the exception for real property:

(b) Acts which may impose liability. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real property.* The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in possession of the local agency.

42 Pa. C. S. §8542(b)(3). Petitioner argues that because Respondent "has the power to sell out an owner actually, in such a situation [and] has control of the property and after posting the said property [for sale,] the property is in the possession of [Respondent]", the real property exception should apply and Respondent should be held liable for damages.

We believe that Petitioner misperceives the intent of the limited waiver of immunity found at Section 8542(b)(3). As we stated in *Vann v. Board of Education, School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 607-608, 464 A.2d 684, 685 (1983),

> We believe the Section must be read as a narrow exception to a general legislative grant of immunity and we construe it to impose liability only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used.

Obviously, Section 8542(b)(3)'s governmental immunity does not impose liability upon Respondent for the negligence asserted in the case at bar.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Washington County at No. 304 August Term 1983, dated January 17, 1984, is affirmed.