IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dmitry Erastov,                                    :
                          Appellant                :
                                                   :
            v.                                     :        No.  638 C.D. 2021
                                                   :        Argued:  June 23, 2022
City of Philadelphia, Philadelphia Sheriff's       :
Office                                             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                   FILED:  July 22, 2022


        Dmitry Erastov (Erastov) appeals from the orders dated January 19, 2021, and
entered January 22, 2021, in the Philadelphia County Court of Common Pleas
(Common Pleas), denying his motion for partial summary judgment and granting
summary judgment in favor of the City of Philadelphia and Philadelphia Sheriff's
Office (collectively, the City).  Erastov challenges Common Pleas' conclusion that
governmental immunity protects the City from suit, arguing this action falls under
an exception to immunity because it involves the City's allegedly negligent care,
custody, or control of real property in its possession pursuant to Section 8542(b)(3)
of the Judicial Code (Code), 42 Pa.C.S. § 8542(b)(3).  After review, we affirm.

## I. Background and Procedural History

Erastov purchased a property in Philadelphia (the Property) via a sheriff sale that took place on July 24, 2018. Reproduced Record (R.R.) at 709, 729, 764.[1] An entity named "2202 N Bouvier St, LLC" successfully bid on the Property and then assigned its bid to Erastov. *Id.* at 539. On August 24, 2018, Erastov paid the tax liens against the Property and filed paperwork with the Sheriff's Office to finalize the sale. *Id.* at 710, 730. The Sheriff's Office acknowledged the deed to the Property on February 15, 2019, and the deed was recorded on March 6, 2019. *Id.* at 545, 711, 730. Meanwhile, on or about December 21, 2018, the City inspected the structure located on the Property and posted notice on an exterior window indicating that it was imminently dangerous. *Id.* at 563, 582-83, 711. On March 25, 2019, the City performed another inspection, deemed the structure in danger of collapse, and posted notice on the same window that it would demolish the structure if the situation was not addressed.[2] *Id.* at 711, 730, 784-85. The City mailed notice to Erastov warning him of the possible demolition, which was delivered and signed for on April 5, 2019. *Id.* at 730-31, 790-97. The City ultimately began demolishing the structure on or about April 22, 2019, and billed Erastov for the cost of demolition. *Id.* at 711-12, 728-31.

Erastov commenced this action by writ of summons on September 3, 2019. In Erastov's fourth amended complaint, filed June 30, 2020, he included counts of negligence, breach of contract, vicarious liability, negligent demolition, and unjust

---

[1] Erastov failed to include a lowercase "a" following the page numbers in his reproduced record, in violation of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2173.

[2] The photographs in the reproduced record depicting the structure and the notices the City posted on it are of poor quality, but we have been able to view clearer versions of the photographs in the original record and the City's supplemental reproduced record.

enrichment. Erastov alleged he attempted to obtain a permit to perform work on the Property prior to the demolition but was unable to do so because the Sheriff's Office delayed in transferring the deed to him. *Id.* at 514-15. Erastov also alleged that he did not receive notice regarding the Property's condition. *Id.* at 515. Erastov cited Section 31.2 of what is commonly known as the Municipal Claims and Tax Liens Act (Act).[3] Under Section 31.2(b) of the Act, "[d]eeds for property . . . shall not be executed, acknowledged and delivered any sooner than thirty days nor later than one hundred and twenty days after the purchaser pays the balance due to the sheriff . . . ."[4] 53 P.S. § 7283(b). The City filed an answer and new matter on July 19, 2020. The City argued that it was immune from suit pursuant to Section 8541 of the Code, 42 Pa.C.S. § 8541. Further, the City challenged Erastov's allegation that he did not receive notice of the Property's condition, explaining that it had posted notice at the Property and mailed notice to Erastov's address, which was delivered and signed for weeks before demolition began. R.R. at 563-65. Erastov filed a motion for partial summary judgment as to his negligence, negligent demolition, and unjust enrichment counts on September 8, 2020. The City filed its own motion for summary judgment that same day. The parties filed responses to the opposing motions for summary judgment on October 8, 2020.

By orders dated January 19, 2021, and entered January 22, 2021, Common Pleas denied Erastov's motion for partial summary judgment and granted summary judgment in favor of the City. Common Pleas explained in a subsequent opinion that the City was immune from suit under Section 8541 of the Code. Common Pleas

---

[3] Act of May 16, 1923, P.L. 207, *as amended*, added by the Act of March 15, 1956, P.L. (1955) 1274, 53 P.S. § 7283.

[4] The City acknowledges that Section 31.2 applies in this case. *See* City's Br. at 6 n.3, 6 n.4.

Op., 10/12/21, at 4-5. Although Erastov argued his claims could proceed under the Code's real property exception at Section 8542(b)(3), Common Pleas rejected Erastov's argument. *Id.* at 5. Common Pleas first addressed Erastov's vicarious liability count, which he had lodged against Philadelphia for the actions of the Sheriff's Office, in relevant part. Common Pleas explained that this count was "redundant," because Philadelphia and the Sheriff's Office were not separate legal entities. *Id.* at 3 n.2 (citing Pa. Const. art. IX, § 13(a); *Monastra v. Delaware Cnty. Sheriff's Off.*, 49 A.3d 556, 558 (Pa. Cmwlth. 2012)). Regarding Erastov's breach of contract count, Common Pleas reasoned that Section 8542 applied to negligence claims only and did not encompass contract claims. *Id.* at 5 n.3 (citing *Sims v. Silver Springs-Martin Luther Sch.*, 625 A.2d 1297, 1302 (Pa. Cmwlth. 1993)). Similarly, Common Pleas reasoned that the language of Section 8542 did not encompass Erastov's unjust enrichment or negligent demolition counts. *Id.* at 5 n.3, 7 n.5 (collecting cases). Turning to Section 8542(b)(3), Common Pleas observed that the exception applied to real property in a local agency's "possession." *Id.* at 5. It explained that the prior owner of the Property retained possession until the redemption period expired, at which point possession passed to Erastov, and that the City never possessed the Property. *Id.* at 6. Thus, Common Pleas concluded that there was no genuine dispute as to any material fact regarding the City's immunity defense, and that the City was entitled to judgment as a matter of law. *Id.* at 4-7.

Erastov appealed.[5] Common Pleas ordered Erastov to file a concise statement of errors complained of on appeal within 21 days, and Erastov timely complied.[6] On appeal, Erastov raises numerous claims challenging Common Pleas' conclusion that the City is immune from suit pursuant to Section 8541 of the Code, and that he has not established the requirements of Section 8542(b)(3).

## II. Discussion

This Court's standard of review on appeal from an order granting or denying summary judgment is *de novo*, and our scope of review is plenary. *Dobson Park Mgmt., LLC v. Property Mgmt., Inc.*, 203 A.3d 1134, 1139 n.11 (Pa. Cmwlth. 2019) (citing *Seda–Cog Joint Rail Auth. v. Carload Express, Inc.*, 185 A.3d 1232, 1236 (Pa. Cmwlth. 2018)). Summary judgment is appropriate when review of the record reveals that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. *Montgomery Hosp. and Med. Ctr. v. Bureau of Med. Care Availability & Reduction of Error Fund (MCARE Fund)*, 201 A.3d 909, 912 n.8 (Pa. Cmwlth. 2019) (quoting *Aria Health v. Med. Care Availability &*

---

[5] Erastov initially appealed to our Commonwealth's Superior Court. The City filed an application to transfer the case to this Court, which the Superior Court granted. *See* 42 Pa.C.S. § 762(a)(7) (providing that the Commonwealth Court has exclusive jurisdiction over "[m]atters conducted pursuant to Subchapter C of Chapter 85," which includes the governmental immunity provisions of the Code); 42 Pa.C.S. § 5103(a) (if an appeal is filed in a court of the Commonwealth that lacks jurisdiction, the court should not quash the appeal "but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal . . . shall be treated as if originally filed in the transferee tribunal on the date when the appeal . . . was first filed" in the court without jurisdiction).

[6] Erastov also filed for reconsideration, which Common Pleas did not expressly grant within 30 days. Common Pleas denied reconsideration after the 30-day period lapsed. *See Fulton v. Bedford Cnty. Tax Claim Bureau*, 942 A.2d 240, 242 n.3 (Pa. Cmwlth. 2008) ("[T]he trial court may consider a motion for reconsideration only if the motion for reconsideration is filed within [30] days of the entry of the disputed order. Unless the court enters an order granting reconsideration within the 30-day period, the power to grant reconsideration is lost.") (citations and quotation marks omitted).

*Reduction of Error Fund*, 88 A.3d 336, 340 (Pa. Cmwlth. 2014)). We must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the presence of a genuine issue of material fact against the moving party. *Ladley v. Pa. State Educ. Ass'n*, 269 A.3d 680, 686 n.6 (Pa. Cmwlth. 2022) (*en banc*) (quoting *Albright v. Abington Mem'l Hosp.*, 696 A.2d 1159, 1165 (Pa. 1997)).

The Code provides, subject to exceptions, that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. A "local agency" is a "government unit other than the Commonwealth government," which includes the City. 42 Pa.C.S. § 8501; *see Maloney v. City of Philadelphia*, 535 A.2d 209, 211 (Pa. Cmwlth. 1987). Section 8542 of the Code lists exceptions to governmental immunity that apply when certain conditions are met. 42 Pa.C.S. § 8542(a). Section 8542(a)(1) provides that the damages at issue in the case must be of a type that "would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense" based on governmental or official immunity. 42 Pa.C.S. § 8542(a)(1). Section 8542(a)(2), in relevant part, provides that the injury at issue must be the result of "the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in" Section 8542(b). 42 Pa.C.S. § 8542(a)(2). At dispute in this appeal is the Code's real property exception found at 42 Pa.C.S. § 8542(b)(3). Section 8542(b)(3) denies a local agency governmental immunity in actions related to "[t]he care, custody or control of real property in the possession of the local agency," with certain reservations not applicable here. 42 Pa.C.S. § 8542(b)(3).

As we explained above, Common Pleas determined that the City was immune from suit pursuant to Section 8541 of the Code. Although Erastov purports to raise several claims for our review, each of his claims pertain to this central issue. Erastov challenges the conclusion that the City is immune from suit, arguing his claims fall within the Section 8542(b)(3) exception. Erastov's Br. at 13-32. Notably, Erastov assails Common Pleas' determination that the City was never in "possession" of the Property. *Id.* at 14-18, 29, 32. He argues that it was the duty of the Sheriff's Office to transfer the deed of the Property to him, and that the City was in "possession" of the Property until the Sheriff's Office completed its duty. *Id.* at 14-18, 29.

We conclude that Erastov has failed to satisfy the requirements of the Section 8542(b)(3) exception. We reach this conclusion because a review of our case law demonstrates (1) that the case does not involve the sort of alleged negligence relating to real property that the Code encompasses, and (2) that the City did not exert enough control over the Property to "possess" it. We discuss both determinations in turn.

At the outset, our Courts have read the Section 8542(b)(3) exception narrowly since its passage in 1980. *See Mascaro v. Youth Study Ctr.*, 523 A.2d 1118, 1123 (Pa. 1987) (reasoning that Section 8542(b)(3) "must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability") (citations omitted). This Court has explained that Section 8542(b)(3) applies to "an injury caused by the real property itself, or the negligent care, custody or control of it." *Geier v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*, 153 A.3d 1189, 1195 (Pa. Cmwlth. 2017) (citing *Mandakis v. Borough of Matamoras*, 74 A.3d 301 (Pa. Cmwlth. 2013)). In *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348, 349-50 (Pa. 2018), our Supreme Court determined that the Section 8542(b)(3) exception applied where a boy tripped and fell into a concrete wall during a school

7

gym class. Importantly, the Court reiterated the necessity of interpreting Section 8542(b)(3) narrowly and explained that it "take[s] comfort in the express limitation" of the exception; namely, that it applies only to "acts, or failure to act, which make the property unsafe for 'the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used . . . .'" *Id.* at 356-58 (quoting *Mascaro*, 523 A.2d at 1124).

In contrast to the narrow construction of the Code that our precedent demands, Erastov argues for a broad and attenuated construction. Erastov does not allege that the Property itself caused an injury, or even that the City's negligent care, custody, or control caused damage to the Property. Instead, he argues the Sheriff's Office did not timely transfer the deed to him after the sheriff sale, which impaired his ability to repair the Property before the City began demolition. Erastov cites no authority to support the proposition that Section 8542(b)(3) applies to the handling of a sheriff sale. Moreover, the only case we are aware of that addressed this idea found it meritless. In *Taylor v. Washington County*, 499 A.2d 1145 (Pa. Cmwlth. 1985), the local tax claim bureau failed to timely advertise a sheriff sale at which the appellant purchased property, and the equitable owners of the property petitioned successfully to set the sale aside. The appellant argued Section 8542(b)(3) applied, and this Court rejected that argument, once again emphasizing our narrow construction of the exception and its limited application. *Id.* at 1146 (quoting *Vann v. Bd. of Educ. of the Sch. Dist. of Phila.*, 464 A.2d 684, 686 (Pa. Cmwlth. 1983)). We conclude, therefore, that the City did not engage in the type of alleged negligent actions with respect to the "care, custody or control of real property" that Section 8542(b)(3) encompasses. 42 Pa.C.S. § 8542(b)(3).

Further, we agree with Common Pleas that this case does not involve property "in the possession of" the City. *Id.* Erastov proposes that the City had possession of the Property by virtue of its control over the deed. Our case law, however, reveals this issue to be more nuanced. This Court has defined "possession" for purposes of Section 8542(b)(3) as "'total control over the premises by the local agency; limited control or mere occupation for a limited period of time is insufficient to impose liability.'" *Glencannon Homes Ass'n, Inc. v. N. Strabane Twp.*, 116 A.3d 706, 723 (Pa. Cmwlth. 2015) (*en banc*) (quoting *Sweeney v. Merrymead Farm, Inc.*, 799 A.2d 972, 977 (Pa. Cmwlth. 2002)).

While the City arguably exercised some control over the Property, in that the Sheriff's Office oversaw the sheriff sale, this was limited control at most. In sheriff sales conducted under Section 31.2 of the Act, prior owners receive the benefit of a "redemption" period, during which they can pay the amount bid at the sale as well as any taxes and municipal claims, among other costs, to preserve ownership of their properties for themselves. 53 P.S. § 7283; Section 32(a) of the Act, 53 P.S. § 7293(a). This period can continue even after the acknowledgment of the deed, depending on the property at issue. 53 P.S. § 7293(a), (c); *U.S. Bank N.A. v. Manu*, 207 A.3d 415, 423-24 (Pa. Cmwlth. 2019). The redemption period continues for nine months after the acknowledgment, except where the property is "vacant," in which case "there shall be no redemption . . . by any person after the date of the acknowledgment . . . ."[7] 53 P.S. § 7293(a), (c). We have observed that the prior owner of property in a Section 31.2 sheriff sale "may continue in possession of the property," while a purchaser "merely holds defeasible title in the property until the

---

[7] Property is vacant "unless it was continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the acknowledgment of the sheriff's deed therefor." 53 P.S. § 7293(c).

9

redemption period expires. Upon the expiration of the redemption period, the purchaser holds absolute title to the property . . . ." *U.S. Bank*, 207 A.3d at 423 n.18 (quoting *In re Pittman*, 549 B.R. 614, 624 (Bankr. E.D. Pa. 2016)).

Applying these principles to the matter at bar, the redemption period for the Property continued at least until the acknowledgment of the deed on February 15, 2019. 53 P.S. § 7293(a), (c). Before then, the Property's prior owner could continue in possession of the Property, while Erastov had defeasible title.[8] The prior owner could also prevent the sheriff sale from taking effect through the redemption process. Once the redemption period ended, be that at the time of acknowledgment or nine months later, Erastov held absolute title to the Property.[9] Under these circumstances, the City did not have total control of the Property, as our case law regarding Section 8542(b)(3) requires. *Glencannon Homes*, 116 A.3d at 723. As such, the Property was never "in the possession of" the City. 42 Pa.C.S. § 8542(b)(3).

### III. Conclusion

For the above reasons, we agree with Common Pleas that the City is immune from suit pursuant to Section 8541 of the Code, and that Erastov has failed to meet the requirements of the Section 8542(b)(3) exception. We therefore affirm Common Pleas' orders dated January 19, 2021, and entered January 22, 2021, which denied

---

[8] While Common Pleas refers to the Property's "prior owner" in its opinion, and we do the same here for ease of discussion, we acknowledge that the record indicates the prior owner is deceased. *See* R.R. at 1122 (listing the Property's record owner as "[prior owner], deceased and any and all heirs known and unknown") (capitalization omitted). Our review does not reveal the involvement of an estate or the number of any possible heirs.

[9] As noted, the record contains photographs of the Property prior to the demolition. Given the dilapidated state of the structure on the Property, it is reasonable to presume that the Property was vacant, and that the redemption period ended at the time of acknowledgement.

Erastov's motion for partial summary judgment and granted summary judgment in favor of the City.


_____

STACY WALLACE, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dmitry Erastov,                     :
             Appellant        :
                     :
      v.                :      No.  638 C.D. 2021
                     :
City of Philadelphia, Philadelphia Sheriff's :
Office                     :

## **O R D E R**

AND NOW, this 22nd day of July, 2022, the orders of the Philadelphia County Court of Common Pleas, dated January 19, 2021, and entered January 22, 2021, are hereby **AFFIRMED**.


_____
STACY WALLACE, Judge